HENRY G. VOLKMAR, Appellant, *v.* THE MANHATTAN RAILWAY COMPANY, Respondent.

In an action to recover damages for personal injuries received through the alleged negligence of defendant, the following facts appeared: Plaintiff, while driving along Sixth avenue in the city of New York, under defendant's elevated railroad structure, was struck by a portion of a broken bolt, to which an iron plate was attached, which fell from defendant's structure and caused the injuries complained of. Plaintiff proved that the bolt in question passed through the guard rail and stringer, and the iron plate had been held in place by a nut, and that the bolt broke about two inches from the nut. Defendant then proved that its road had been properly constructed, and called one R., who testified that he was defendant's track walker and inspector at the point in question, that his duty was to move carefully over the track during the day and carefully examine all the bolts and fastenings. and keep them tight; that during the month in which the accident occurred he followed out these instructions to the best of his ability Plaintiff's counsel asked to have defendant's negligence submitted to the jury on the ground that the fact that the bolt fell was presumptive evidence that defendant was negligent This request was

denied and a verdict was directed for defendant. *Held*, error; that the
fact that the bolt was broken and part of it fell was sufficient to raise a
presumption that in that particular defendant's structure was out of
repair and dangerous; and that the evidence of R. was not sufficient to
remove such presumption.

Also *held*, that even if R.'s testimony had been sufficient to overthrow the
presumption, he was an interested person, who might be actuated by a
motive to shield himself from blame, and so his credibility was involved
and this was a question for the jury.

It was claimed that plaintiff should have produced upon the trial the piece
of iron which hit him, and which he claimed was lost. *Held*, untenable.
*Volkmar* v. *M. R. R. Co.* (26 J. & S. 125), reversed.

(Argued June 9, 1892, decided October 1, 1892.)

APPEAL from judgment of the General Term of the Supe-
rior Court of the city of New York, entered upon an order
made the first Monday in April, 1891, which affirmed a judg-
ment in favor of defendant entered upon a verdict directed by
the court and affirmed an order denying a motion for a new
trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Edwin R. Leavitt* for appellant.

*Brainard Tolles* for respondent.

HAIGHT, J.   This action was brought to recover damages
for a personal injury.

On the 24th of June, 1885, the plaintiff was driving along
Sixth avenue, in the city of New York, in a wagon, going
uptown under the defendant's elevated railroad structure.
When near Thirty-ninth street an iron plate or clip with a part
of a broken bolt fell from the structure, striking him upon the
shoulder, causing the injury for which this action was brought.

It appears that the bolt was about fourteen inches long;
that it passed through the guard rail of the defendant's road,
the stringer upon which it rested and an iron plate or clip
underneath, which was held in place by a nut upon the end

of the bolt; that the bolt was broken about two inches from the nut.

These facts having been shown the plaintiff rested. Thereupon the defendant introduced evidence showing a proper construction of its elevated railway, and then called Samuel S. Roach as a witness, who testified that he was the defendant's track walker and inspector at the place where the injury was received by the plaintiff; that it was his duty to move carefully over the track during the daytime to examine carefully all the rails, switches, signals, bolts and fastenings of all kinds and to keep them tight; that in June, 1885, he was engaged in following out his instructions, and that he performed them to the best of his ability.

The defendant's counsel then moved the court to direct a verdict for the defendant, which motion was granted.

The plaintiff asked permission to go to the jury upon the question of the defendant's negligence upon the ground that the evidence showed that the presumption arose that the defendant was negligent in view of the fact that the iron plate fell from its structure upon the plaintiff. This request was denied and an exception was taken by the plaintiff to such denial and to the direction of a verdict in favor of the defendant.

No question is made but that the defendant's elevated railroad was properly constructed. It is claimed, however, that it was negligently suffered to get out of repair, and that because of such negligence the plaintiff suffered the injury complained of.

It was the duty of the defendant to exercise ordinary care for the purpose of keeping its structure in proper repair so as to prevent injury to persons passing over or underneath it.

The evidence showed that the bolt was broken, and that in consequence the iron plate or clip fell upon the plaintiff. The structure was consequently out of repair, and under the circumstances I think the presumption of negligence follows.

It has been held that where a building adjoining a street falls into the street in the absence of explanatory circumstances

negligence will be presumed, and the burden is placed upon the owner of showing the use of ordinary care; that where a plaintiff was passing on a highway under a railroad bridge when a brick fell from one of the pilasters upon which an iron girder of the bridge rested, striking him upon the shoulder, causing injury, negligence would be presumed; that where a barrel rolled out of the window of a warehouse onto a street, injuring a person passing, negligence would be presumed; that where a person, while walking along the street in front of a building, was struck by a falling chisel, the presumption of negligence is sufficient to call for an explanation; that where plaintiff was injured while walking on the sidewalk of a street immediately under the defendant's railroad by being struck with a heavy piece of metal which fell from one of defendant's cars passing above, that from the nature of the accident negligence might be inferred, etc. (*Mullen* v. *St. John*, 57 N. Y. 567; *Kearney* v. *London R. R. Co.*, L. R. [5 Q. B.] 411; *S. C.*, 6 id. 759; *Byrne* v. *Boadle*, 2 Hurl. & Colt. 722; *Cahalin* v. *Cochran*, 1 N. Y. St. Rep. 583; *Goll* v. *Manhattan Ry. Co.*, 24 id. 24; affirmed 125 N. Y. 714; *Payne* v. *Troy & Boston R. R. Co.*, 83 id. 572.)

The learned General Term, in its opinion, admits this proposition, and concedes that the fall of the plate or clip in the absence of an explanation raises a presumption of negligence. That court, however, reached the conclusion that the presumption was overthrown by the evidence produced on behalf of the defendant. As we have seen, that evidence was given by the witness Roach. It was his duty, as he testified, to examine carefully all rails, switches, signals, bolts and fastenings of all kinds, and to keep them tight. He further states that in June, 1885, he was engaged in following out his instructions and performed them to the best of his ability. In no place does he testify that he ever examined the bolt and clip which fell upon the plaintiff. He does not tell us how often he passed over the track, or to what extent he examined the bolts and fastenings. He only gives us his own conclusion that he performed his duty to the best of his ability. It does not appear

to us that this was sufficient to remove the presumption which necessarily follows from the established fact that the bolt was broken, and in that particular the structure was out of repair and dangerous.

But even if this evidence was sufficient to remove the presumption as held by the General Term, the credibility of the witness would still be involved and be a question for the jury. This witness was the defendant's track walker. It was his duty to examine the bolt which was broken. If there was any negligence for which the defendant was chargeable, it was that of this witness. He was, therefore, a person interested, and possibly actuated by a motive to shield himself from blame. (*Dean* v. *Van Nostrand*, 23 Weekly Digest, 97 ; *Elwood* v. *W. U. Tel. Co.*, 45 N. Y. 549–554.)

It is claimed that the plaintiff neglected to produce, upon the trial the broken bolt. His counsel said it was lost. He had established a *prima facie* case when he rested. The burden was then on the defendant. The upper portion of the broken bolt was left in the structure in the possession of the defendant who could have produced it had it so desired.

The plaintiff should have been permitted to submit to the jury the question of the defendant's negligence.

The judgment should consequently be reversed and a new trial granted, with costs to abide the event.

All concur, except FOLLETT, Ch. J., BROWN and PARKER, JJ., dissenting.

Judgment reversed.