(14 Misc. Rep. 550.)

### HAMEL v. CULVER et al.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

PAYMENT—EVIDENCE.

On an issue as to whether defendants applied to the payment of interest on a mortgage, and the costs of a pending foreclosure suit, money given them by plaintiff for that purpose, it appeared that after defendants re-ceived the money the foreclosure suit was discontinued, and the mortgage assigned; that soon afterwards defendants, as attorneys for the assignee, commenced an action to foreclose the mortgage, at which time the mort-gage, by its terms, could only be due at that time by default of payment of the installment of interest which defendants were directed by plaintiff to pay. The complaint in the assignee's suit, subscribed by defendants, alleged that such interest was unpaid, and the referee therein so found. Defendants claimed to have advanced the money to pay the interest on plaintiff's representations of reimbursement, and that the money given them was for fees. *Held,* that a verdict in favor of plaintiff was sustained by the evidence. .

Appeal from trial term.

Action by Dederick Hamel against Weeks W. Culver and another. From a judgment entered on a verdict in favor of plaintiff and from an order denying a motion for a new trial, defendants appeal. Af-firmed.

With a mortgage on his property overdue, and unable to pay it, plaintiff ap-plied to defendants, as lawyers, to procure him an assignee of the mortgage. He gave them $600, as he says, to pay interest and costs for discontinuance of a pending foreclosure suit by the Excelsior Savings Bank, then owner of the mortgage. The defendants got an assignee of the mortgage, and, interest and costs being paid to the Excelsior Bank, its action for foreclosure was dis-continued. Within about two months afterwards, defendants, Culver and Wright, commenced an action for the assignee, in which the mortgage was foreclosed, and the property sold.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Spink & Martin (Frederick Smyth, of counsel), for appellants.

William F. Randel, for respondent.

PRYOR, J. In effect, the action, as tried and determined, is to recover the sum of $600, which the plaintiff claims he delivered to the defendants, and they accepted, for the purpose of paying six months' interest on a mortgage upon his property, and the costs of a pending foreclosure suit. The complaint charges that the defend-ants omitted to pay the interest on the mortgage out of the money

deposited with them for that purpose, but instead appropriated the $600 to their own use. The answer concedes the receipt of the $600, but alleges that it was paid to defendants as the stipulated compensation for services as counsel. The answer further alleges that at the request of plaintiff, and upon his promise of reimbursement, the defendants advanced the money for payment of the interest and costs; that the money so advanced was to be deemed as unpaid interest on the mortgage; and that the money has not been returned to them. Whether the $600 was paid as counsel fee or intrusted to defendants for discharge of the interest, and whether, although the defendants paid the interest, it was not to be considered as paid, were questions which, upon sufficient evidence, the jury determined in favor of the plaintiff. We cannot say that upon these issues the verdict is so against the weight of evidence as to require us to set it aside. Nelson v. Railroad Co., 7 Misc. Rep. 656, 28 N. Y. Supp. 50. Assuming, in conformity with the finding of the jury, that the $600 was given to defendants for payment of interest and costs, the real controversy is whether the money was in fact so expended. About the costs there can be no dispute, since, by the verdict, they were credited to the defendants. Wright swears to the payment of the interest, and the defendants insist that the evidence is without contradiction. Were this so, still, the testimony being that of a party, the question was for the jury. Volkmar v. Railroad Co., 134 N. Y. 418, 422, 31 N. E. 870. But in truth the nonpayment of the interest was supported by affirmative proof. Plaintiff testified to an admission of the fact by Wright, and to his confession that the defendants had appropriated the $600 to their own use. Furthermore, the referee in the final foreclosure suit found and the judgment established that the interest had not been paid. Foreclosure for a default in interest already paid is certainly a paradoxical proposition. Defendants' explanation of the phenomenon is unsatisfactory. Even upon default proof was to be made of the amount due, and that proof we find in the affidavit of defendant Wright, who swore that "the whole amount of said mortgage is due." As the principal of the mortgage could be due only in consequence of the nonpayment of the very interest in dispute, Wright made oath in effect to the nonpayment of that interest. The complaint in the final foreclosure suit contains the explicit allegation that this plaintiff omitted to pay "the sum of three hundred and fifteen dollars, being six months' interest which became due on the 1st day of August, in the year one thousand eight hundred and seventy-five,"—the identical installment of interest in controversy,— and that statement is subscribed by Culver and Wright, these defendants. In view of defendants' connection with the final foreclosure, the judgment roll in that action was competent proof of their admissions; and those admissions—one under oath—of the nonpayment of the interest in question abundantly justified the jury in deciding the issue against them.

It is not difficult to reconcile the apparent discrepancy in the evidence. No doubt the Excelsior Bank was paid the amount of in-

terest and costs, else it would not have assigned the mortgage. But the interest was not paid by plaintiff's money, nor with the effect of discharging him from liability for it. As to him, the interest was not paid; and upon allegation and proof by these defendants that he was still debtor for the interest the mortgage on his property was foreclosed. Payment of the $600 upon the interest, not in its extinguishment, but so as to keep it alive and obligatory against the plaintiff, was not a payment as directed by the plaintiff, but was a conversion of the money by the defendants to their own purposes. Upon the merits this is a righteous judgment, and it must stand unless invalidated by manifest error. Of such the record discloses no instance.

The imputed error mainly relied on is the introduction of the judgment roll in the final foreclosure suit, but for reasons already apparent the evidence was incontestably competent. Other objections were to evidence upon points of no moment, and which obviously could not have been of prejudice to the appellants.

The refusal to charge that if the defendants paid the interest and costs in controversy the verdict must be in their favor was plainly right. As already said, a payment which still left the plaintiff liable for interest, and upon which liability these defendants foreclosed the mortgage on his property, was, as to him, no payment. Hence, too, what was the agreement between the parties, and did defendants in fact pay the interest and costs, was not the whole issue, as the court was asked to charge.

The proposition that "all evidence as to transactions after that time is immaterial" might have been rejected for obscurity. What time? A request to exclude defendants' agency in the final foreclosure proceeding from the consideration of the jury was not to be entertained for a moment.

Judgment and order affirmed, with costs. All concur.