Catherine Kay, Respondent, *v.* The Metropolitan Street Railway Company, Appellant.

*Railroad — car colliding with another at the foot of a descending grade —* res ipsa loquitur *— charge as to the burden of proof.*

In an action brought against a street railway company to recover for personal injuries, it appeared that the car in which the plaintiff was a passenger collided with another car at a terminal point of the road upon a descending grade, at the foot of which the other car was being shifted from one track to another, and that the ground and track were, in some degree, covered with snow.

The court ruled that, under the circumstances, the burden rested upon the defendant of showing that the collision was not due to any want of care on the part of its servants, and upon the defendant requesting it to charge that " unless the jury are able to find affirmatively from all the evidence in the case that there was some negligence on the part of the defendant, either in the management of its car in which the plaintiff was riding, or in the effort exercised on the part of the defendant by sanding its tracks in the manner described, to avoid the danger of such an accident, the plaintiff cannot recover, and the defendant is entitled to a verdict," the court declined to do so, " otherwise than as already charged."

*Held,* that the court, having charged the jury, in substance, that the burden of proof in the case to establish a liability on the part of the defendant was with the plaintiff from the first to the last, the particular ruling as to the burden of proof must be considered in connection with the whole charge, and as so considered did not constitute an erroneous instruction to the jury;

That the request to charge was properly refused, as it was not sufficient to exculpate the defendant that it merely made the effort to render its tracks safe by using sand — the request excluding, by the expression of this particular method, every other act or omission, upon which the defendant's negligence on the occasion of the accident could be predicated.

Van Brunt, P. J., and McLaughlin, J., dissented.

Appeal by the defendant, The Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of June, 1897, upon the verdict of a jury for $6,000, and also from an order entered in said clerk's office on the 16th day of June, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown,* for the appellant.

*George H. Hart,* for the respondent.

O'Brien, J.:

The circumstances attendant upon the accident out of which this action grows were of so unusual a character as to bring them within that maxim of the law which declares that negligence is imputable from the mere happening of the accident itself.   The plaintiff, a passenger in one of the defendant's cars, was entitled to that protection which a carrier of passengers is bound to afford, not only in the management of the vehicle, but in the care of the tracks and appurtenances of the railroad.   The accident out of which the plaintiff's injuries arose took place at a terminal point of the road, upon a descending grade, at the foot of which was another car being shifted from one track to another.   The car in which the plaintiff was a passenger collided with it, causing the injuries to the plaintiff for which she seeks to recover damages.   It was shown in evidence that it was a stormy day, and that the ground and track were covered with snow, to what extent being in dispute.   But such an occurrence at such a point in the road was regarded and was in and of itself of such a character as to justify the inference of negligence, without any further proof than that of the situation and the occurrence itself.   Upon that state of the case the court, on a motion for a nonsuit, ruled that the circumstances disclosed by the testimony were such as to place upon the defendant the burden of showing that the collision was not due to any want of care on the part of its servants, and in charging the jury remarked that " the law imposes upon the defendant, where an accident happens under the circumstances disclosed by the testimony in this case, the burden of showing to the jury such facts as warrant the jury in concluding that the defendant corporation exercised due care in the construction of its road, in the management of its cars and horses, to prevent accidents. Now, has the defendant met that burden ?   That is a question of fact for you to determine."

The exceptions relied upon to reverse the judgment relate to the instructions of the judge respecting the burden of proof, the contention being that error was committed in giving such instructions, and that they were tantamount to holding that the burden of proof was upon the defendant to establish a negative, viz., that its servants were not negligent, whereas the rule of law is that the burden of proof is upon the plaintiff from beginning to end of a case to

establish the affirmative of the issue tendered. Upon an examination of the record it is to be noticed that the main charge of the judge was very clear and entirely correct upon the proposition of law applicable to the burden of proof, unless it may be there was error in what we have indicated. The jury were instructed that, on the state of facts mentioned, "the collision here was under such circumstances as to create a presumption of negligence." The judge also said that the plaintiff's case "was made out when she proved the injury and proved the collision, for the reason that it happened under circumstances that raised a presumption of negligence." He then, upon the defendant's request numbered the second, charged as follows: "The burden of proof in this action rests on the plaintiff, and she is bound to prove by a preponderance of evidence the existence of negligence on the part of the defendant, and that such negligence of the defendant was the proximate cause of her injury. The mere fact that a person is injured while riding in a railroad car does not impose upon the company the burden of disproving negligence." He also charged as follows upon the defendant's fourteenth request: "In other words, the jury must be able to find from all the evidence in the case that something was done by the defendant which ought not to have been done, or that the defendant omitted to do something which it ought to have done to have prevented the accident, otherwise the plaintiff is not entitled to recover." It was insisted, however, by the defendant that it was entitled to a specific instruction in these words (thirteenth request): "Therefore, unless the jury are able to find affirmatively from all the evidence in the case that there was some negligence on the part of the defendant, either in the management of its car in which the plaintiff was riding, or in the effort exercised on the part of the defendant by sanding its tracks in the manner described, to avoid the danger of such an accident, the plaintiff cannot recover and the defendant is entitled to a verdict." This last request was declined, "otherwise than as already charged" upon the subject-matter thereof.

That request is to be taken as an entirety, and the court was justified in refusing to charge it as a whole for it was not sufficient to exculpate the defendant if it merely made the effort to render its tracks safe by using sand on the occasion on which the accident occurred. A particular method is pointed out in that request, and

it must be taken in connection with the remainder of the request; and, looked at as a whole, the judge was right in refusing it because it failed to exclude every act or omission upon which the defendant's negligence on the occasion complained of could be predicated.

But there remains behind all this the other question as to the correctness of the presentation of the case to the jury on the subject of the burden of proof. It is impossible that the jury could have been misled by anything said by the court on that subject; for, taking the main charge in connection with the two requests quoted, which were charged, it is obvious that the jury were told that the burden of proof in the case to establish a liability of the defendant was with the plaintiff from the first to the last. There has been much academic discussion of a very profitless character upon the use of the words "burden of proof;" but that discussion is entirely extraneous to the present case. What is the real rule of law concerning the giving of proof, where the presumption of negligence arises, as it did here? The plaintiff may rest upon his proof; and, if nothing further is shown, the jury are authorized therefrom to act upon the presumption and assess damages. Of course, the credibility of witnesses is with the jury. But if the defendant enters upon proof concerning the facts of the occurrence, to what is that proof addressed? Either to a refutal of the plaintiff's version, or to the establishment of facts which would avoid liability or explain the case as made by the plaintiff. That is all that is meant by the phrase "burden of proof" as used here — a phrase which is employed and has been used from time immemorial, by every judge, to indicate how the carriage of a case passes from one side to the other. That very expression "burden" of proof was used in the leading case in this State upon the subject of accidents that "speak for themselves," as indicating negligence of the defendant. In *Edgerton* v. *N. Y. & Harlem R. R. Co.* (39 N. Y. 227) the Court of Appeals considered the relation of proof in a case of precisely this character, where it appeared that a train left the track. The court held that that circumstance proved that either the track or the machinery, or some part of it, was not in a proper condition, or that the machinery was not properly operated, and that the defendant owed to its passengers the same duty to keep its tracks as safe at one place as at another. The opinion proceeds: "The court further charged that the defend-

ant was bound to show and give some explanation of the cause of the accident. That '*the burden*' is upon them to show that they exercised the prudence and skill in the preparation of their track and their cars, and in the management of them, demanded by the law. Unless they prove themselves free from negligence they are liable. The defendant's counsel excepted to this portion of the charge. This portion of the charge must be understood in reference to the facts of this case, and as applied to such facts. In this view it was not erroneous. * * * The charge, in substance, was that the defendant must, by proof, answer and rebut this *prima facie* case against it, and show itself free from the negligence to be presumed from the facts proved by the plaintiff, or it was liable." That was held in an unanimous decision of the Court of Appeals, and has never been questioned. The same expression of the rule was made in *Volkmar* v. *Manhattan R. Co.* (134 N. Y. 422), a case in which the principle *res ipsa loquitur* was held to apply. There it is said the plaintiff "had established a *prima facie* case when he rested. *The burden* was then on the defendant." In the light of those decisions it is plain that there was nothing in the charge of the court in the case at bar which laid down a rule in any way departing from a correct statement of what the obligation of the defendant was, with reference to proof, if it desired to relieve itself from the effect of the presumption which the jury were entitled to draw upon the plaintiff's showing.

The general structure of the charge to the jury in this case properly presented the duty of the plaintiff with respect to the establishment of her cause of action. It is hypercritical to select from that charge one or two phrases or sentences and separate them from their context for the purpose of predicating thereupon an erroneous presentation of the law, especially in view of the fact that, tested by the ruling announced in the leading case cited, even those phrases and sentences were not misapplied or misused.

As the exceptions to the charge were the only ones argued and relied upon, and as we find no error therein calling for a reversal of this judgment, it and the order denying a motion for a new trial should be affirmed, with costs.

PATTERSON and INGRAHAM, JJ., concurred; VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

INGRAHAM, J. (concurring):

I concur with Mr. Justice O'BRIEN in the affirmance of this judgment. The plaintiff, while a passenger in one of the defendant's cars, was injured by reason of a collision between the car in which she was riding and another car of the defendant. This is clearly an action in which a situation is shown which could not have been produced except by the operation of abnormal causes. "The *onus* then rests upon the defendant to prove that the injury was caused without his fault." (*Seybolt* v. *The N. Y., L. E. & W. R. R. Co.,* 95 N. Y. 568.) Here the evidence raised a presumption of negligence against the defendant; and the only question relating thereto which remained for the jury to consider, was whether this presumption had been sufficiently negatived by the evidence introduced by the defendant. Keeping in mind the presumption which arose from the nature of the accident, I think the charge, as a whole, clearly presented to the jury the question that they were to determine. The duty of the defendant was to operate its road so as safely to carry their passengers. This duty consisted not only in properly managing the car upon which the plaintiff was a passenger, but also in keeping the track in front of the car clear so that no collision would occur. If the defendant negligently allowed one of its other cars to remain upon the track, which rendered a collision with the car in which the plaintiff was a passenger, when properly managed, unavoidable, the negligence necessary to maintain the action is established and the finding of the jury justified; and any request to charge which eliminated this consideration from the minds of the jury was properly refused. Thus, the thirteenth request to charge, which, in effect, told the jury that unless there was some negligence on the part of the defendant, either in the management of its car in which the plaintiff was riding, or in the effort exercised on the part of the defendant by sanding its tracks in the manner described, to avoid the danger of such an accident, the plaintiff could not recover and the defendant was entitled to a verdict, was properly refused. The fourteenth request to charge presented properly to the jury the question that they were to determine, for there the jury were instructed that unless they were able to find, from all the evidence in the case, that something was done by the defendant which ought not to have been done, or that the defendant omitted to do some-

thing which it ought to have done to have prevented the acci-
dent, the plaintiff was not entitled to recover.  The court said:
" The law imposes upon the defendant, where an accident hap-
pens under the circumstances disclosed by the testimony in this
case, the burden of showing to the jury such facts as warrant
the jury in concluding that the defendant corporation exercised
due care in the construction of its road, in the management of
its cars and horses, to prevent accidents."  It will be noticed that
the court did not instruct the jury that the burden of proof was
upon the defendant, a statement that has been properly criticised,
as the burden of proof always rests upon the party having the
affirmative ; but the clear meaning of this instruction was that when
the facts show that an accident has occurred which under ordinary
circumstances could not have been caused except by some failure of
the defendant to exercise the care required of it as a common carrier
of passengers, to avoid liability the defendant is bound to show that
some abnormal cause, a cause which the exercise of care on the part
of the defendant under the particular circumstances existing, could
not have been anticipated and guarded against, was the cause of the
accident, or in other words, as was said in the *Seybolt* case, " the
*onus* then rests upon the defendant to prove that the injury was
caused without his fault."  But if the jury could have gathered from
the language used by the court that any greater burden was placed
upon the defendant than is here stated, the requests presented by
the defendant, and which were charged by the court, made the mean-
ing of the court entirely clear ; for again and again the court charged
the jury that the burden of proof in the action rested on the plain-
tiff, and that the plaintiff was bound to prove by a preponderance of·
evidence the existence of negligence on the part of the defendant and
that such negligence was the proximate cause of her injury; and the
jury were told that if they believed the evidence to be equally consist-
ent with the existence or absence of negligence on the part of the
defendant, then the burden of proof which the law imposes on the
plaintiff had not been sustained and the jury must find a verdict in
favor of the defendant.  The court thus correctly charged the jury
that the burden of proof rested upon the plaintiff, but that the
circumstances of the accident were sufficient to create a presumption
of negligence, and that being so, it was for the jury to say whether
the evidence of the defendant had rebutted that presumption ; in

other words, whether the defendant had shown to the jury that the accident had happened notwithstanding the exercise by it of care and prudence. The accident was caused by a collision between two of the defendant's cars. That collision, without the operation of some extraneous cause, could have resulted only from some neglect of the defendant properly to manage its cars or maintain its road. If such extraneous cause or abnormal situation existed, the defendant was bound to show it so as to rebut the presumption which arose from the accident itself. Whether that was called a burden or an *onus* which rested upon the defendant, it correctly stated the principle that was to control the jury in considering the testimony. It was not that the burden of proving the plaintiff's cause of action had shifted, but that a situation had been disclosed by the evidence which raised a presumption of fact that the jury were to face and consider whether the explanation offered by the defendant of the accident was sufficient to show that the collision was caused by an act which would not have been prevented by the exercise of due care on the part of the defendant. And, then, taking the presumption that arose from the facts of the collision itself, and the evidence in the case as to the cause of the injury, the jury were to say whether the burden of proof upon the plaintiff was sustained, and they could find affirmatively that the accident was the result of the negligence of the defendant. This, I think, was clearly presented to the jury, taking the charge together with the defendant's requests which were charged by the court, and the jury could not have been misled into understanding the court to say that the burden of disproving the plaintiff's cause of action was upon the defendant.

I think that no error was committed which requires a reversal of the judgment.

McLAUGHLIN, J. (dissenting):

On the 28th of January, 1895, the plaintiff, a passenger in one of the defendant's cars, was seriously injured by the car in which she was riding colliding with another car on the same track, and she brought this action to recover damages upon the ground that her injuries were caused solely by the negligence of the defendant. She had a verdict of $6,000, and from the judgment entered thereon the defendant has appealed.

In submitting the case to the jury the learned trial justice said: "If it" (referring to the accident) "can be attributed to the want of reasonable care on the part of the defendant corporation, *then your verdict must be for the plaintiff. The law imposes* upon the defendant where an accident happens under the circumstances disclosed by the testimony in this case, *the burden of showing to the jury* such facts as warrant the jury in concluding that the defendant corporation exercised due care in the construction of its road, in the management of its cars and horses to prevent accidents. Now, has the defendant met that burden? That is a question of fact for you to determine." An exception was taken to this portion of the charge by the defendant, and I am of the opinion that the exception was well taken. (*Jones* v. *Union Railway Company*, 18 App. Div. 267, 272.) The plaintiff had the burden of proving the defendant's negligence, and the accident, no matter what the circumstances were connected with it, did not shift this burden, as charged by the court, from the plaintiff to the defendant. In actions to recover damages for personal injuries on the ground of negligence before the plaintiff is entitled to recover he must give proof of some specific act of negligence on the part of the defendant, unless the accident is of such an unusual character, as here, that it may be said to speak for itself, and in such cases he may stop with proof of the accident. But this does not shift the burden of proof. That never shifts; it always remains with the one who asserts. The error into which the learned justice fell was in confusing the right of the plaintiff to stop with the proof of the accident, thus forcing upon the defendant the burden of giving further evidence within the principle alluded to, which placed upon the plaintiff the burden of proving what she had alleged in her complaint.

But it is said that the error thus committed could not have injured the defendant because it was thereafter cured by the learned trial justice's charging defendant's fourteenth request. I do not agree with this statement. The only way in which an erroneous instruction can be cured is by withdrawing it in language so plain and explicit as to preclude even an inference that the jury may have been influenced by it. (*Phillips* v. *New York Central & Hudson River R. R. Co.*, 127 N. Y. 657.) In charging the defendant's fourteenth request the learned trial justice did not withdraw from

the jury anything that he had theretofore said, and what took place precludes, as it seems to me, any such inference.   After the court had charged the jury in the manner above indicated, and had declined to charge defendant's third, thirteenth and fourteenth requests as follows : " (Third) The mere fact of the accident, and that the plaintiff was thereby injured, is insufficient to sustain the plaintiff's alleged cause of action.   She must prove that her injury was the result of some negligence on the part of the defendant." " (Thirteenth) Therefore, unless the jury are able to find affirmatively from all the evidence in the case that there was some negligence on the part of the defendant either in the management of its car in which plaintiff was riding or in the effort exercised on the part of the defendant by sanding its tracks in the manner described to avoid the danger of such an accident the plaintiff cannot recover and the defendant is entitled to a verdict."   " (Fourteenth) : In other words, the jury must be able to find from all the evidence in the case that something was done by the defendant which ought not to have been done or that the defendant omitted to do something which it ought to have done to have prevented the accident, otherwise the plaintiff is not entitled to recover " — and the defendant had taken an exception to the charge as made, and to each of the refusals to charge as requested, the plaintiff's counsel said to the court : " I don't want any trouble above and, therefore, I am willing that your honor should charge the fourteenth request of the defendant," and the court then read to the jury the fourteenth request. Can it be said that this withdrew the erroneous instructions theretofore given?   I think not.   The learned trial justice did not even indicate to the jury that they were not to be bound by and to follow the instructions previously given.

The case was sent to the jury under an erroneous statement of the law governing the rights of the parties on the issue involved, and that the defendant was prejudiced by it is evidenced by the verdict rendered.

I am unable, therefore, to concur in the opinion of Mr. Justice O'BRIEN for the affirmance of this judgment.   I think it should be reversed and a new trial granted, with costs to the appellant to abide the event.

Judgment affirmed, with costs.