## RASCHEN v. NORTON.

(Supreme Court, Appellate Term.    March 20, 1899.)

NEGLIGENCE—EVIDENCE.
> Complaint for injury to plaintiff's dress is improperly dismissed, her testimony, corroborated by two disinterested witnesses, showing it caught on a protruding nail in a footbridge which defendant had constructed over a trench in a street in which he was laying a pipe, and that the nail was not sufficiently prominent to attract the attention of an ordinarily prudent and careful person, and that she did not see it, and the only other evidence being the testimony of defendant's employés, who practically confined themselves to the statement that they did not observe any nails.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Henrietta Raschen against William Norton. From a judgment dismissing the complaint, plaintiff appeals.    Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Rabe & Kellar, for appellant.

John O'Connell, for respondent.

PER CURIAM.    The complaint was dismissed at the close of the defendant's case.    The evidence offered by the plaintiff established the following state of facts, viz.:    The defendant was engaged in laying a pneumatic tube or pipe on Fourth avenue.    Trenches were dug in the street for that purpose, and footbridges were used in crossing these trenches.    On or about January 28, 1898, the plaintiff walked across one of these footbridges.    Her skirt was caught upon nails which protruded from some plank or board used by defendant in or about the bridge, and a hole was thereby torn in her skirt, and the skirt became, in consequence thereof, useless to the plaintiff, and she was thereby damaged to the extent of $50.    These nails were not sufficiently prominent to attract the attention of an ordinarily prudent and careful person crossing the bridge, and the plaintiff, not seeing the nails, and relying upon a presumption that defendant had provided a suitable bridge for the public to cross over the said trenches so dug by defendant, walked over the bridge, and thus met the injury of which she complains.    The plaintiff is corroborated by two ladies, who appear to be perfectly disinterested witnesses, one of whom crossed the bridge just before plaintiff, and the other just after her. The witnesses for the defendant are his own employés, who have every interest to exculpate themselves from any imputation of negligence. Their testimony should therefore have been critically scrutinized and received with caution.    See Volkmar v. Railway Co., 134 N. Y. 422, 31 N. E. 870.    Their evidence, moreover, is purely of a negative character, as they practically confine themselves to the statement that they did not observe the nails, while it does not satisfactorily appear that they made any very close examination of the bridge in question. We are of the opinion that the judgment is against the weight of evidence, and should not stand.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.