ROBINSON v. YOUNG.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. LIVERY STABLE KEEPER—LIEN—CONVERSION—QUESTION FOR JURY

Laws 1897, c. 418, § 74, as amended by Laws 1899, c. 465, gave a lien to a livery stable keeper for charges for keeping a horse. Plaintiff in an action for the conversion of a horse by a livery stable keeper testified that the horse was to be kept for the use by defendant, and that plaintiff was entitled to its possession on demand. The defendant denied such contract. *Held*, that as the defendant had a lien for charges for its board on the horse, if such contract did not exist, it was error to instruct that defendant was entitled to the horse on demand.

2. SAME—EVIDENCE.

Where, in an action against the wife of a deceased livery stable keeper for conversion of a horse left with the husband during his lifetime, the nature of the contract under which the horse was kept was in issue, and plaintiff had communicated the arrangement with the husband to her before her husband's death, and she had acquiesced therein, it was error to refuse to permit a disinterested witness to testify to the conversation between plaintiff and deceased in relation to the arrangements for keeping the horse at the time it was left with the latter.

Appeal from Westchester county court.

Action by George Robinson, Sr., against Amanda J. Young for conversion. From an order granting a new trial after verdict for plaintiff, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Cyrus A. Peake, for appellant.
Maurice Dillon, for respondent.

PER CURIAM. This action is for conversion of a horse, harness, and wagon. The proof upon the part of the plaintiff tended to establish that the husband of the defendant, who was a livery stable keeper at Portchester, made an arrangement with the plaintiff by which he was to take the property and use the same for the keep of the horse; the arrangement being terminable by either party at his option. After making the arrangement, Young was taken

ill, and the plaintiff called to see him in respect to the property, was unable to do so, but at that time saw the defendant, and informed her of the arrangement which he had with her husband. Subsequently Young died, and the defendant succeeded to the business. The horse, harness, and wagon continued to remain in the custody of the defendant, and were used by her in her business more or less. About the 7th day of October, 1898, the plaintiff demanded possession of the property, which demand was refused unless he paid therefor about the sum of $144 for the keep of the horse. It is clear that upon these facts the refusal of the defendant to deliver the property upon the demand constituted a conversion of the same, and she thereupon became liable for their value. The defendant's testimony, however, put in issue the question of the arrangement by which the horse was kept, and she, in terms, denied that any agreement was made with her to pay for the keep of the horse by the use of the same and the harness and wagon; and she denied that the plaintiff stated in his conversation that he would leave the horse for his keep. She also denied that she at any time refused to surrender the wagon and harness at the time when the plaintiff made his demand. This clearly put in issue the fact of the conversion of the property. If there was no arrangement by which the use of the property was to pay for the keep of the horse, then the jury were authorized to find from the testimony that the plaintiff became obligated to pay for such keep, and they were not bound in this regard to accept his statement of the transaction. Volkmar v. Railway Co., 134 N. Y. 418, 31 N. E. 870. By virtue of the statute (chapter 418, Laws 1897, § 74, as amended by chapter 465, Laws 1899), the defendant would have a lien upon the animal, and the harness and wagon, for its keep and custody, if no arrangement as testified to by the plaintiff existed. It is therefore evident that the questions presented as to the fact of the conversion and the value of the property or the amount of the lien, if the arrangement was not made, were questions for solution by the jury. The court, however, charged the jury, as matter of law, that the plaintiff was entitled to the horse when he made the demand, and as to it the only question was the amount of damage; and he submitted the question as to whether there was refusal to deliver the harness and wagon. Exception was taken to the direction that the plaintiff was entitled to recover damages sustained for refusal to deliver the horse. It is evident that the charge was clearly erroneous, and the learned judge, on reflection upon the evidence given in the case, at once saw his error, and corrected the same in manner provided by law.

Only one other question requires notice. William Worth was called as a witness, and interrogated respecting the conversation that took place between the plaintiff and Young when the horse was left in the latter's possession. This was objected to as improper. The objection was sustained, and the testimony excluded. As it appeared from the testimony of the plaintiff that he communicated to the defendant the arrangement which he had made with her husband, and she acquiesced therein, as the jury were authorized

to find, after she came into possession of the property and business, it was competent to show by an uninterested witness what the arrangement with Young was, even though he was dead, as it bore directly upon the issue in the case. If, therefore, Worth stood as an uninterested party, this testimony was competent. It follows that the order appealed from should be affirmed.

Order setting aside the verdict and granting new trial affirmed, with costs.