## BRAHAM v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

1. STREET CAR COMPANIES—PERSONS CROSSING TRACKS—LIABILITY FOR ELECTRIC SHOCKS.

A person who, while crossing a street car track, stepped on a rail and received an electric shock, was entitled to recover for his resulting injuries, in the absence of any explanation from the company, where it was clearly established that the shock would have been impossible if the track was in good order, and, further, that close to the place where he was walking was a joint where two rails met, which, if not properly welded, would permit a shock, and there was some evidence that the rails at the time were not laid so as to allow in the usual manner for expansion and contraction, and that such manner of laying rails was calculated to result in imperfect joints.

2. SAME—NEGLIGENCE—QUESTION FOR JURY.

Where a person crossing a street car track stepped on a rail and received an electric shock, and his evidence at the trial made a prima facie case in his favor, testimony by an employé of the company, whose duty it was to keep the tracks in order, that they were in order at the time and place of the accident, did not show the company to be free from negligence, as matter of law.

Appeal from trial term, Kings county.

Action by Emanuel Braham against the Nassau Electric Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, and HIRSCHBERG, JJ.

I. R. Oeland, for appellant.

James C. Cropsey, for respondent.

HIRSCHBERG, J.   The plaintiff, while crossing Bergen street on the afternoon of December 28, 1898, stepped on one of the defendant's rails and received an electric shock, which resulted in injuries for which a jury has awarded him an amount not claimed to be excessive.   The defendant, however, claims that the complaint should have been dismissed—First, because no negligence on its part was established; and, second, because, if a prima facie case of negligence was established in the first instance, the circumstances were conclusively rebutted by the proof that no defect existed at the place of the accident which would permit the escape of the electric current.   These claims are untenable.   It was clearly established that the shock which the plaintiff received would have been impossible if the defendant's track was in good order.   It was further proven that close to the place where the plaintiff was walking was a joint where two rails met, which, if not properly bonded or welded, would permit the infliction of an electric shock upon any one whose foot should be placed upon it; and there was some evidence that the rails at the time were so laid as not to allow in the usual manner for expansion and contraction, and that such manner of laying the rails was calculated to result in imperfect joints.   This evidence, together with that of the shock actually received by the plaintiff, established the defendant's liability, and called upon it for an explanation of the occurrence, in order to relieve it from the charge of negligence, on the principle of res ipsa loquitur.   Clarke v. Railroad Co., 9 App. Div. 51, 41 N. Y. Supp. 78; Jones v. Railway Co., 18 App. Div. 267, 46 N. Y. Supp. 321.   The presumption of negligence arising from the proof referred to was not so far overborne by the defendant's evidence as to make the question one of law.   The explanatory evidence was principally that of an employé of the defendant whose duty it was to keep the tracks in order, and who testified that they were in order at the time and place of the accident.   Waiving the question whether this evidence could be regarded as explaining the occurrence, it is clear that, in view of the position and employment of the witness, a submission of the charge of negligence to the jury for determination was required. Volkmar v. Railroad Co., 134 N. Y. 418, 31 N. E. 870, 30 Am. St. Rep. 678; O'Flaherty v. Railroad Co., 34 App. Div. 74, 54 N. Y. Supp. 96; Smith v. Railroad Co., 59 App. Div. 60, 69 N. Y. Supp. 176.   The happening of the accident under the circumstances tended to prove the existence of conditions necessary to cause it which could not arise without either negligence on the defendant's part, or a defect of some kind, for which, if such a thing be possible, it was not to blame; and proof merely that no defect whatever existed would not serve to remove the case from the province of the jury, where the proof was furnished by an interested witness in the defendant's employment, and the question of credibility was accordingly a factor. The judgment and order should be affirmed.

Judgment and order affirmed, with costs.   All concur.