EMANUEL BRAHAM, Respondent, *v.* NASSAU ELECTRIC RAILROAD COMPANY, Appellant.

*Negligence — electric shock from the rails of an electric street surface railroad* — res ipsa loquitur — *credibility of an employee of the railroad.*

In an action to recover damages for personal injuries, it appeared that while the plaintiff was crossing the defendant's electric street surface railroad he stepped upon one of the rails and received an electric shock which would have been impossible had the defendant's track been in good order; that close to the place where the plaintiff was walking was a joint where two rails met, which, if not properly bonded or welded, would permit the infliction of an electric shock upon any one whose foot should be placed upon it; that the rails were so laid as not to allow for expansion and contraction, and that such manner of laying the rails was calculated to result in imperfect joints.

*Held,* that the principle of *res ipsa loquitur* was applicable, and that the defendant was required to explain the occurrence in order to relieve itself from the charge of negligence;

That evidence given by an employee of the defendant, who was charged with the duty of keeping the tracks in order, to the effect that such tracks were in order at the time and place of the accident, did not conclusively rebut the presumption of negligence, the question as to the credibility of the witness being one to be determined by the jury.

APPEAL by the defendant, the Nassau Electric Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 15th day of June, 1900, upon the verdict of a jury for $2,250, and also from an order entered in said clerk's office on the 26th day of June, 1900, denying the defendant's motion for a new trial made upon the minutes.

*I. R. Oeland,* for the appellant.

*James C. Cropsey,* for the respondent.

HIRSCHBERG, J.:

The plaintiff, while crossing Bergen street in the borough of Brooklyn on the afternoon of December 28, 1898, stepped on one of the defendant's rails and received an electric shock, which resulted in injuries for which a jury has awarded him an amount not claimed to be excessive.

The defendant, however, claims that the complaint should have been dismissed, *first,* because no negligence on its part was established, and, *second,* because if a *prima facie* case of negligence was established in the first instance, the circumstances were conclusively rebutted by the proof that no defect existed at the place of the accident which would permit the escape of the electric current.

These claims are untenable. It was clearly established that the shock which the plaintiff received would have been impossible if the defendant's track was in good order. It was further proven that close to the place where the plaintiff was walking was a joint where two rails met which if not properly bonded or welded would permit the infliction of an electric shock upon any one whose foot should be placed upon it; and there was some evidence that the rails at the time were so laid as not to allow in the usual manner for expansion and contraction, and that such manner of laying the rails was calculated to result in imperfect joints. This evidence,

together with that of the shock actually received by the plaintiff, established the defendant's liability and called upon it for an explanation of the occurrence in order to relieve it from the charge of negligence on the principle of *res ipsa loquitur.* (*Clarke* v. *Nassau Electric R. R. Co.*, 9 App. Div. 51; *Jones* v. *Union Railway Co.*, 18 id. 267.)

The presumption of negligence arising from the proof referred to was not so far overborne by the defendant's evidence as to make the question one of law. The explanatory evidence was principally that of an employee of the defendant whose duty it was to keep the tracks in order, and who testified that they were in order at the time and place of the accident. Waiving the question whether this evidence could be regarded as explaining the occurrence, it is clear that, in view of the position and employment of the witness, a submission of the charge of negligence to the jury for determination was required. (*Volkmar* v. *Manhattan R. Co.*, 134 N. Y. 418; *O'Flaherty* v. *Nassau Electric R. R. Co.*, 34 App. Div. 74; *Smith* v. *Metropolitan Street R. Co.*, 59 id. 60.) The happening of the accident under the circumstances tended to prove the existence of conditions necessary to cause it which could not arise without either negligence on the defendant's part or a defect of some kind, for which, if such a thing be possible, it was not to blame, and proof merely that no defect whatever existed would not serve to remove the case from the province of the jury where the proof was furnished by an interested witness in the defendant's employment and the question of credibility was accordingly a factor.

The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs; BARTLETT, J., absent.