## WALBAUM v. HEANEY et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. DECEDENT'S ESTATE—CLAIMS—EVIDENCE—SUFFICIENCY.
    Where claims are sought to be established against the estates of de-
    ceased persons, the courts are required to scrutinize the testimony with
    care, the attitude of the witnesses, and any interest which may have a
    tendency to influence their testimony.

2. SAME—LOAN TO DECEDENT—QUESTION FOR JURY.
    In an action against a decedent's estate to recover money alleged to
    have been loaned to decedent, whether the loan was made, *held* a question
    for the jury.

Appeal from Trial Term, New York County.

Action by Gottfried Walbaum against Mary J. Heaney, execu-
trix, and another as executor, of the estate of Arthur J. Heaney,
deceased. From a judgment for plaintiff, and an order denying a
motion for a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, O'BRIEN, and LAUGHLIN, JJ.

Jerry A. Wernberg, for appellants.
Ferdinand W. Keller, for respondent.

HATCH, J. This action is brought to recover the sum of $2,000,
together with interest thereon, alleged to have been loaned to the
defendants' testator by the plaintiff. The complaint avers that
the plaintiff loaned and advanced to Arthur J. Heaney, deceased,
the sum of $2,000 upon the 26th and 28th days of September, 1900,
which the deceased promised to repay upon demand, with interest;
that the said Heaney died in the month of December, 1901, leav-
ing a will, and that the defendants have duly qualified as executors
thereunder; that Heaney did not repay the loan during his life-
time, although payment was frequently demanded. The answer
put in issue the making of the loan, or that the same had not been
repaid during the lifetime of Heaney, and set up as an affirmative
defense that the plaintiff and Heaney, at the time when it was
claimed the loan was made, were gambling and betting upon the
result of horse races at certain race tracks situate in the state of

New York, ·and that any indebtedness between the plaintiff and Heaney was incurred in such betting and wagering; that the contract was illegal; and that the amount sought to be recovered was money lost by Heaney to the plaintiff in such gambling, wagering, and betting on credit. It was disclosed by the evidence that the plaintiff was, at the time the loan is claimed to have been made, a bookmaker engaged in making books upon the result of various horse races run at the race tracks existing under the jurisdiction of the Jockey Club of the state of New York. The claim of the plaintiff, in the main, rests upon the testimony of Charles F. Ruh, Jr., who was at the time when the loan is claimed to have been made in the employ of the plaintiff as a cashier, and was then working for the plaintiff, as he testified, at the Sheepshead Bay Race Track. Ruh is still in the employ of the plaintiff. The transaction, as stated by him, was that Heaney applied to him for the money, and that the plaintiff directed it to be paid to him; that he gave ·Heaney $200 on the 26th day of September, 1900, and the balance the next day, or the next· racing day; that, so far as he knew, Heaney had never repaid the same. After the alleged loan, but at what time does not appear, Ruh testified he called upon Heaney to collect the money; that Heaney said he was short of money and all tied up, but that he would pay as soon as possible; that he called upon him three or four times for payment, but always received the same answer. The plaintiff kept books, in which Ruh stated an entry was made of the transaction. These books were subsequently destroyed either by the plaintiff or Ruh. Prior to their destruction, Ruh made in a book which he carried upon his person an entry of the $2,000. Otherwise there was no written evidence of the transaction. He also testified that the loan was made at Sheepshead Bay, but subsequently corrected his statement in this regard, as at the time there were no races at Sheepshead Bay, but there were at Gravesend, where he claimed the loan was made. Ruh had an interest by way of commission upon the business transacted by the plaintiff in bookmaking, and had been with the plaintiff for some time. John Steimer, another clerk in the employ of the plaintiff, testified that he called upon Heaney several times, by the direction of the plaintiff, and asked him for the money, but that Heaney said he was hard up, and could not pay it then, but would pay it later. Steimer was also interested in the business conducted by the plaintiff. The defendants called but one witness, Matthew S. Heaney, who testified that prior to the death of Heaney he was manager for him in the pawnbroking business, and had been with him about 10 years; that Heaney had been in the habit of visiting the race track, but stopped going there about the latter part of June, 1900. He also testified that he had never seen the witness Ruh until the day before the trial. Ruh had testified that he saw a clerk at Heaney's place when he called for payment, and Heaney testified that there was no such person as described by Ruh in the decedent's employ at that time. The witness knew Steimer, and testified that he remembered his calling

at Heaney's place of business after his death, and that Steimer offered him $500 or $1,000 to go to one of the executors of Heaney's will and tell him that he knew that Heaney borrowed this money from the plaintiff. This is substantially all the testimony. At the close of the defendants' case, the plaintiff moved for the direction of a verdict for the amount claimed to have been loaned, with interest thereon, and the defendants asked that the case be submitted to the jury. The court granted the plaintiff's motion and directed a verdict, and from the judgment entered thereon this appeal is taken.

It is the public policy of the law to require that claims made against the estates of deceased persons be established by very satisfactory testimony. Van Slooten v. Wheeler, 140 N. Y. 624, 35 N. E. 583. The rule that a fact testified to by a disinterested witness, who is not discredited, and where such evidence does not conflict with other evidence offered upon the trial, is to be taken as legally established, has no application to claims which are sought to be recovered against the estates of deceased persons. Hughes v. Davenport, 1 App. Div. 182, 37 N. Y. Supp. 243. In all classes of cases the rule that the evidence of a disinterested witness is to be believed is also subject to exceptions. The story told must not be improbable, and the witness must be without any interest in the event. Volkmar v. M. R. Co., 134 N. Y. 418, 31 N. E. 870, 30 Am. St. Rep. 678; Elwood v. Western Union Tel. Co., 45 N. Y. 549, 6 Am. Rep. 140. It cannot be said in the present case that Ruh and Steimer were disinterested witnesses. They were employés of the plaintiff at the time of the transaction and since; and, while testifying that they had no interest in this loan, they also testified that they were interested in, and the amount of their compensation was dependent upon commissions on, the business. It has come to be uniformly regarded that the testimony of the employés of a party is the subject of scrutiny, based upon the relation of employer and employé, and this is the rule which ordinarily applies. Where claims are sought to be established against the estates of deceased persons, the courts are required to scrutinize the testimony with care, the attitude of the witness, and any interest which may have a tendency to influence his testimony. Applying that rule here, it seems clear that the interest of the witnesses, in their relation to the plaintiff, their contradictory statements, and the testimony affecting their credibility, the nature of the transaction, and that nothing was taken from Heaney to evidence the loan of this considerable sum, are sufficient to raise a question for submission to the jury; and the court was not, therefore, justified in directing a verdict.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.