### JOHN G. GOTTSBERGER *v.* JOHN RADWAY.

Where a guaranty of the payment of rent, to grow due upon a lease, is expressed to be " in consideration of the letting," it will be intended, for the purpose of giving a consideration to the guarantee, if nothing to the contrary is shown, that the landlord agreed to let, in consideration of the promise of the surety; and this, notwithstanding the guaranty bears date after the lease.

After the execution of a lease by the lessee, and of a written guaranty of the payment of rent by a surety, the lessee called on the lessor, and objected to taking possession of the demised premises, on the ground of their defective state of repair. The lessor thereupon promised to make the repairs required.

*Held*, that this promise was wholly without consideration, and the breach thereof by the lessor formed no defence to an action against the surety upon his guaranty.

APPEAL by defendant from a judgment of the District Court for the second district. The action was brought against the defendant as surety for one John B. Curtis, for the rent of premises hired by Curtis from the plaintiff. The grounds of the defence to the action are fully stated in the opinion of the court.

*George M. Rea*, for the appellant.

*Charles E. Shea*, for the respondent.

By the Court, DALY, First Judge.—By an agreement in writing,

entered into January 21, 1858, between the plaintiff Gottsberger and one Curtis, Gottsberger agreed to let, and Curtis agreed to take certain premises for a specified period at a stipulated rent, and on the 28th of January following, the defendant Radway, in consideration of the above letting, agreed in writing with Gottsberger, to pay the rent or any arrears thereof that might remain due, or any damages that might arise from the non-performance of the covenants in the agreement between Gottsberger and Curtis. The making of these agreements was admitted by the pleadings, and to the first objection taken, that the agreement of the defendant is without consideration, it is enough to say, that the consideration sufficiently appears upon the face of it. That it bears date after the agreement to let, makes no difference. It sets forth that that letting is the consideration for the promise made by the defendant, and it will be intended, though the agreement of the surety bears date afterwards, if nothing to the contrary is shown, that the plaintiff agreed to let in consideration of the promise of the defendant afterwards put in writing.

Upon the trial the defendant called a witness, who testified that he was present at an interview between Gottsberger and Curtis, on the 2d or 3d of February, in which Curtis told Gottsberger, that he and the witness were to occupy the premises together. The witness then stated that the understanding between him and Curtis was, that Curtis objected to taking the premises, upon the ground that they were not in a state to be comfortable—that they required some repairs. After testifying to this understanding between him and Curtis, which was wholly irrelevant, the witness further testified that at the interview, Gottsberger said he would make the repairs and have them done by the 6th of February, and that Curtis objected to taking possession unless repairs were made. That the witness went to the premises on the 8th of February, and the repairs had not been made, and that Curtis called on Gottsberger and said he would not take the premises upon that ground.

This promise of Gottsberger, to make repairs, was wholly without consideration. Curtis had already made a contract to

take the premises for a certain period, at a specified rent, and the defendant had become surety for the punctual payment of that rent. That agreement, which was in writing, and which was executed by both Curtis and Gottsberger, contained no covenant or undertaking on the part of Gottsberger to make any repairs, and if repairs were necessary, Curtis would have to make them himself, the landlord being under no obligation by his agreement to make any. *Munford* v. *Brown*, 6 Cow. 475; *Pomfret* v. *Rycroft*, 1 Saund. R. 320. In the language of SAVAGE, C. J., in the first of these cases, " the tenant takes the premises for better and for worse," and if the premises needed repair, or to use the language of the witness, were not in a state to be comfortable, Curtis should have exacted an agreement to repair, before he bound himself to take the premises. Curtis and Gottsberger having entered into a valid and binding contract by which the rights and obligations of the respective parties were expressed and fixed, it was necessary that some new consideration should exist, to support a promise by Gottsberger to make repairs, or constitute an agreement which would take the place, change, or alter the conditions of the one already existing.

The question whether Curtis had hired other premises, was wholly immaterial, and was properly ruled out by the justice.

Judgment affirmed.