(15 App. Div. 295.)

## BRONNER v. WALTER.

(Supreme Court, Appellate Division, Third Department.    March 3, 1897.)

LANDLORD AND TENANT—AGREEMENT BY LANDLORD TO REPAIR.
   A promise by a lessor, made after the execution of the lease, to repair the premises, is without consideration.

Appeal from Broome county court.

Action by Emanuel Bronner against Julius L. Walter.    There was a judgment in favor of plaintiff, and defendant appeals.    Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Babcock, Sperry & Van Cleve, for appellant.
W. D. Edmister, for respondent.

PARKER, P. J. The plaintiff in this case leased from the defendant certain premises in the city of Binghamton, and entered into possession of them in February, 1893. Upon what terms, or for how long a time, does not appear. There is no evidence to show whether such leasing was by written or parol agreement, or that there was any covenant on the part of the landlord to repair. About a month after that, the plaintiff discovered that the roof leaked. The attention of defendant was called to it, and he sent a man there, who repaired it. The plaintiff used the premises as a ready-made clothing store, and he continued such use without trouble, as it would seem, until the latter part of December, 1894, when the roof again leaked. Plaintiff called defendant's attention to it, and he again sent a man to repair. In a few days it again leaked, and the defendant, on plaintiff's application, agreed to have it put in proper condition, and again sent a man to repair it. He at the same time told plaintiff, who complained of some slight injury to his goods, to send in his bill. On January 6, 1895, the roof leaked very badly, evidently from melting snow upon it; and, by such leaking, plaintiff's goods were considerably injured. Plaintiff brought this action in a justice's court to recover for the injury so sustained, and a judgment was rendered in his favor for $35.85, damages and costs.

The defendant offered no evidence upon the trial, and such are substantially the facts on which the recovery was had. Such judgment was affirmed on appeal to the county court of Broome county, and from such affirmance the defendant takes an appeal to this court.

The evidence does not show that the leak which occurred on January 6, 1895, was caused by the manner in which the prior repairs had been made. The work which was done did not cause the leak. The roof leaked because it needed more work upon it. Defendant's fault, if any, was an omission to put sufficient repairs upon the roof to make it tight, and the question presented is whether he is liable for that omission. There is no evidence that defendant covenanted to keep the roof in repair, as a part of the contract of leasing. The fact that he on several occasions made some repairs, and that just before the leak in question he promised to have it put in good condition, does not, by itself alone, warrant the conclusion that by the terms of the lease he was obligated to do so. It shows merely that he was willing to do a certain amount of work. Unless he was bound by the terms of the lease to repair, he was under no obligation, as landlord, to do so. Witty v. Matthews, 52 N. Y. 512. And therefore his promise, made just before the leak of January 6th, to put the roof in good condition, was without any consideration. Gottsberger v. Radway, 2 Hilt. 342. If the plaintiff had agreed to remain upon the premises, or had done or refrained from doing anything on his part, by reason of such promise, then there might have been some consideration for it, and the case would be similar to that of Rauth v. Davenport, 60 Hun, 70, 14 N. Y. Supp. 69. But the case is barren of any such proof. It is not shown that defendant was bound by the contract of leas-

ing to make any repairs. It does not appear that there was any consideration for his subsequent promise to make them. It does not appear that the leak was caused by any negligent work of the defendant. Therefore no cause of action whatever was shown against defendant, and the judgment against him was an error.

The judgment of the county court and of the justice should be reversed, with costs in both courts and costs of this appeal. All concur.