MENTZ .v. SCHIEREN et al.

(Supreme Court, Appellate Term. October, 1901.)

1. ACTION FOR PERSONAL INJURY—EVIDENCE—PRESUMPTION FROM INJURY.
    Where a pedestrian was struck and injured by an iron guard, which fell from one of defendant's windows, negligence will be presumed on defendant's part.
2. SAME—INSUFFICIENT REBUTTAL OF PRESUMPTION.
    Where, in an action by a pedestrian for injuries received by an iron guard which fell from defendant's window, the employé of a window cleaning company testified that, as he was on the ladder taking the screws out, the guard hit him, the presumption of defendant's negligence is not rebutted, since it was not shown whether the guard fell from insecure fastenings or from the removal of the screws.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Robert Mentz against Charles A. Schieren and others. From a judgment in favor of the plaintiff, the defendants appeal. Affirmed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Nadal, Smyth & Carrere for appellants.

Louis Jersawitz, for respondent.

MacLEAN, J. While walking on Ferry street, a public way, the plaintiff was struck and injured by an iron guard that fell from one of the windows of the premises occupied by the defendants. Under such circumstances, proof of the fact raised the presumption of negligence sufficient to call for an explanation. Volkmar v. Railway Co., 134 N. Y. 418, 420, 31 N. E. 870, 30 Am. St. Rep. 678. The explanation offered by the defendants was inadequate to rebut the presumption. It was an order to a window cleaning company to send some one to clean their windows, and the appearance and work of the latter's employé, who upon the trial testified, "As I started to clean the first window the first time I was there, I was up on the ladder taking the screws out, and I reached over to take the screws out, the thing hit me on the nose first;" but whether it fell in consequence of his removal of the screws or some of them, or in consequence of insecure fastenings, which gave out while he was in the act of reaching over to take out the screws, and before he had touched the guard, does not appear. The burden imposed upon the defendants not having been removed, the cause was properly submitted to the jury. The requests for instructions to the jury not charged by the court were properly denied, as they were not strictly applicable to the evidence adduced.

Judgment affirmed, with costs. All concur.