HIRSCHFIELD v. ALSBERG et al.

(Supreme Court, Appellate Term. April 24, 1905.)

1. LANDLORD AND TENANT—FAILURE TO REPAIR—INJURIES TO STRANGER.
   The tenant, and not the landlord, is liable to a stranger for injuries caused by a defective condition of the demised premises, unless the defect existed when the premises were let, or the landlord covenanted to repair.
   [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 668–670.]

**2. SAME—DEFECTS IN PREMISES—PRESUMPTIONS.**

Where premises have been occupied by the same tenants for six years, it is not to be presumed that a defective condition of a window existing at the end of that time existed when the premises were originally let to the tenants.

**3. SAME—NEGLIGENCE OF TENANTS—LIABILITY TO STRANGERS.**

Evidence that tenants, who occupied premises several stories from the ground, placed a table in front of and near a window which they knew was out of repair, without fastening the window in any way, so that when it was swung by the wind it was intercepted by the table, and being slammed by a draught, broke and fell into the street below, was sufficient to show negligence for which the tenants were responsible to a pedestrian injured by the falling glass.

**4. RELEASES—OPERATION—EFFECT ON INDEPENDENT LIABILITY.**

Satisfaction by landlord for injuries caused to a stranger for which the tenants were solely liable was no bar to a recovery against the tenants.

**5. SAME—RELEASE OF JOINT TORT FEASOR—RESERVATION OF RIGHT TO SUE.**

A release of one joint tort feasor in consideration of the payment of certain damages is no bar to a recovery against another joint tort feasor, where it expressly reserves the right to sue the latter.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Release, § 68.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Bennett Hirschfield against Irving Alsberg and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Rollins & Rollins (Theodore H. Lord, of counsel), for appellants. Herbert C. Kahn, for respondent.

LEVENTRITT, J. On the 13th day of July, 1904, about 1 o'clock, while walking south on the easterly sidewalk of Greene street, the plaintiff was struck by falling glass. It is sufficiently proven that this glass fell from the sixth loft of the premises occupied by the defendants, as a result of the slamming shut of a window swinging on hinges. The defendants had been tenants of the building for six years. The lease between them and the landlord was not offered or proved. Both omission to repair and an affirmative act of negligence were established. It was testified to that the window had been out of repair for a long period to the knowledge of the defendants, but that they had taken no steps to repair, except to notify the landlord. The mutual obligations of the landlord and the tenant under the lease were not proven. It is in evidence that on certain occasions the landlord made repairs. The facts from which the affirmative act of negligence can be inferred are the following: The defendants had knowledge of the condition of the window. On the day in question they had placed a table in front of it, and only 1½ feet removed, so that when the window was surging back it was intercepted by the table, and was consequently not opened full or square against the wall and fastened. There is no evidence that it was fastened to the table. A draught

caused the window to slam, shattering a portion of the glass and precipitating it into the street below.

On these facts there was sufficient to hold the tenants solely liable. So far as the defective condition of the window is concerned, the obligation to repair, on the state of the record, was on the tenants. The landlord, if liable at all, would be so only in the event that the condition was defective when he demised the premises, or if he covenanted to repair. In Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193, 5 L. R. A. 449, 12 Am. St. Rep. 778, the following clear statement of the law is cited with approval:

"We think there are only two ways in which landlords or owners can be made liable in the case of injury to a stranger by the defective repairs of premises let to a tenant—the occupier, and the occupier alone, being prima facie liable—First, in the case of a contract by the landlord to do repairs, when the tenant can sue for not repairing; secondly, in the case of a misfeasance by the landlord, as, for instance, where he lets the premises in a ruinous condition." Nelson v. Liverpool Brewing Co., L. R. 2 C. P. Div. 311.

There is no proof of any covenant to repair on the part of the landlord, and, in its absence, the obligation to repair is on the tenant. 2 McAdam, Landlord & Tenant, §§ 383, 384; Bronner v. Walter, 15 App. Div. 295, 44 N. Y. Supp. 583; Suydam v. Jackson, 54 N. Y. 450. There is no presumption that the defective condition of the window obtained years before when the original letting took place; the inference is quite the other way. So far as the affirmative act of negligence is concerned, that was solely of the tenants' own doing. Had the window been properly opened full and placed against the wall, or had it been even fastened to the table in its half-open condition, the draught could not have driven it shut.

The remaining question in the case is whether the acceptance by the plaintiff of $100 from the landlord barred relief against the tenants. In this action the plaintiff's recovery was $75. On the undisputed facts a much larger recovery would have been justified by the proof of damage. On the facts as proved, the landlord and the tenants were not joint tort feasors. Satisfaction by a stranger (the landlord in this case) is no defense. Atlantic Dock Co. v. The Mayor, 53 N. Y. 64. The headnote in that case correctly digests the case as follows:

"A cause of action ex delicto is not extinguished by the recovery and satisfaction of a judgment against a stranger, in no wise joined in liability with the defendant, for the full amount of the damages claimed, nor is the plaintiff estopped thereby."

But conceding, for the sake of argument, that the landlord and the tenants were joint tort feasors, the case is not altered. The defendants sought to prove a release given by the plaintiff to the landlord on the payment of $100. The release was not proven, and its contents are not properly before the court. On the other hand, the plaintiff proved, without objection, that the instrument given was subject to a reservation of a right to sue the tenants. As the items of plaintiff's actual or special damage for outlays, loss of salary, and injury to his clothes exceeded $175, it is readily conceivable that he accepted payment from the landlord with the intention of

holding the tenants for the major part of the damage. The reservation was in the nature of a covenant not to sue, and, under the authority of Gilbert v. Finch, 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623, the instrument would not release the joint feasor, even if we should hold that that was the relation of the landlord and the tenants.

The judgment is right, and should be affirmed with costs. All concur.

Judgment affirmed, with costs.