WEBER v. LIEBERMAN.

(Supreme Court, Appellate Term. June 26, 1905.)

1. LANDLORD AND TENANT—DEFECTIVE PREMISES—INJURY TO THIRD PERSON—LIABILITY.

In the absence of a covenant in the lease binding the landlord to make repairs, the obligation to repair is on the tenant, and the tenant is liable for injuries to a third person, caused by failure to repair, notwithstanding the landlord had been in the habit of making all repairs.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Lanlord and Tenant, §§ 536, 670.]

2. SAME—NEGLIGENCE—RES IPSA LOQUITUR.

Where plaintiff stepped on a grating in a sidewalk in front of a show window to examine the display of goods in the window, and was injured by the defective condition of the grating, the occurrence of the accident itself raised a presumption of negligence on the part of the occupant of the property.

3. SAME—INSPECTION AND CARE OF PREMISES—EVIDENCE—SUFFICIENCY.

In an action against a tenant for injuries caused by a defective grating in a sidewalk, evidence examined, and held insufficient to show any examination or care of the premises on the part of the defendant.

Appeal from City Court of New York, Trial Term.

Action by Catherine Weber against William Lieberman. From a judgment in favor of plaintiff and an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Louis A. Sable, for appellant.

John A. Rooney, for respondent.

TRUAX, J. Defendant was the lessee of the store and part of a basement underneath the same at 521 Eighth avenue, in this city.

The store was a dry goods store, occupied by the defendant, having a show window. The defendant had sublet the basement. Just below the show window, and forming a part of the sidewalk, was an iron grating three feet wide and about six feet long, used for lighting the basement. The lease between the landlord and the defendant was silent as to who should make the necessary repairs to the premises. Attracted by the defendant's display of goods in the window the plaintiff stepped upon the grating, one of the bars gave way, the plaintiff's left leg went into the hole thus made, and she received the injuries for which she brought this action. In the absence of a covenant in the lease to that effect, the obligation to repair was upon the tenant. Hirschfield v. Alsberg (Sup.) 93 N. Y. Supp. 617, and cases cited. Although the landlord testified (which was undisputed) that he had made all repairs to the premises, this did not, under the circumstances of the case, relieve the tenant from his liability to a stranger. "A lessee occupying real estate may become liable to a stranger by negligently suffering the demised premises to become dangerous. This liability is independent of any contract between the lessor and lessee. It results from the fact that the lessee is in the control and possession of the premises, and for that reason he is liable, if, by negligently permitting them to become dilapidated and unsafe, third persons are injured." Odell v. Solomon, 99 N. Y. 635, 636, 1 N. E. 408. Plaintiff, in walking upon the sidewalk and in stepping upon the grating, had a right to assume that it was in a safe condition; and the exposure of the defendant's goods in his window above the grating was an invitation to the plaintiff to examine the same, and to do so it was necessary to step upon the grating. The grating was also a part of the sidewalk, which the general public was entitled to make use of. The occurrence of the accident itself under the facts disclosed by the evidence raised a presumption of negligence on the part of the defendant. Where the apparatus is such that ordinarily no accident is to be expected unless from a careless construction, inspection, or user, and both inspection and user were at the time of the injury in the control of the party charged, and the accident happened without any voluntary action at the time by the party injured, the doctrine of res ipsa loquitur may be invoked. Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630; Womble v. Grocery Co., 135 N. C. 474, 47 S. E. 493. This doctrine is founded upon the fact, to some extent, at least, that the chief evidence of the true cause of the injury, whether culpable or innocent, is practically accessible to the party charged, and perhaps inaccessible to the party injured. There was no evidence on the part of the defendant that overcame this presumption. The landlord testified, "I was about the premises a day or so before the accident." The defendant said: "I generally looked around the store (each morning) first, and then got out and saw how the windows looked, and I did so that morning, and I saw nothing wrong there. I did not see any loose grating there. * * * It is not my custom to examine it daily to see its defects. I did not make any examination of the grating alone, but went out to see if everything was all right. I did not examine the

grating exactly." Instead, therefore, of showing any examination or care of the grating, the testimony shows an entire lack of such, there being not the slightest evidence that the grating was ever examined by anybody. None of the exceptions taken on the trial constitute reversible error, the damages ($250) were not excessive, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.