(49 Misc. Rep. 133)

### LUBELSKY v. SILVERMAN et al.

(Supreme Court, Appellate Term. December 21, 1905.)

1. NEGLIGENCE—RES IPSA LOQUITUR.

An injury caused to a pedestrian by the fall of a portion of a shed erected in the course of defendant's building operations over a sidewalk is within the doctrine of res ipsa loquitur.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 218, 225.]

2. SAME—INDEPENDENT CONTRACTORS—PERSONAL DUTIES.

A person who is given control of a sidewalk for a temporary use is bound to maintain it in a reasonably safe condition during that use, and cannot delegate such duty to an independent contractor, and thereby escape liability for negligence causing injury to a person using the sidewalk.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Morris Lubelsky against Clementine M. Silverman and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

J. Charles Weschler, for appellants.

Paul Armitage, for respondent.

BISCHOFF, J. The proof amply supported the finding of the jury that the plaintiff was injured through the fall upon him of a portion of a shed over the sidewalk, erected in the course of the defendant's building operations. The doctrine of res ipsa loquitur applies to such a case (Wolf v. Am. Tract Society, 25 App. Div. 98, 49 N. Y. Supp. 236, Id., 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241; Mullen v. St. John, 57 N. Y. 567, 15 Am. Rep. 530), and the evidence for the defendants did not necessarily rebut the presumption of negligence.

Control of the sidewalk having been given so far to the defendants for their temporary use, the duty of maintaining it in a reasonably safe condition remained upon them, and this duty they could not delegate to an independent contractor to escape liability for a negligent injury to a person using the highway. Schiverea v. Railroad Co., 89 App. Div. 340, 85 N. Y. Supp. 902; Mullins v. Siegel-Cooper Co., 95 App. Div. 234, 88 N. Y. Supp. 737. If otherwise, however, the evidence of the defendant's apparent control could properly be accepted by the jury over the interested testimony of one of the defendants, which afforded the sole evidence that the construction of this shed was undertaken by an independent contractor.

The case was submitted to the jury under instructions which counsel for the defendants found no occasion to criticise at the trial, and, in view of the nature of the injuries, taken with the period during which the consequential suffering has endured, we cannot say that an award of $300, over the expense incurred for medical services, was excessive.

Judgment affirmed, with costs.

SCOTT, P. J., concurs. MacLEAN, J., concurs in the result.