[No. 7200.   Decided April 29, 1908.]

PETER ANDERSON et al., Appellants, v. McCARTHY DRY
GOODS COMPANY et al., Respondents.[1]

NEGLIGENCE—EVIDENCE—RES IPSA LOQUITUR.   The fact that a
basket ·used in an overhead carrier system for conveying parcels
in defendant's store fell upon and injured a customer in the store
·establishes a *prima facie* case of negligence, upon the principal of
*res ipsa loquitur*, although the system was of standard make and in
,general use.

Appeal· from a judgment of the superior court for King
·county, Griffin, J., entered December 12, 1907, upon grant-
ing a nonsuit in an action for personal injuries, after a trial ·
before the court and a jury.   Reversed.

*John E. Humphries* and *Geo. B. Cole*, for appellants.

*Kerr & McCord*, for respondents.

ROOT, J.—This was an action by appellants for damages
.alleged to have been sustained by appellant Mrs. Anderson,
·on account of a personal injury received by a basket falling
from an overhead carrier system in the store of the respondent
·company.   From a judgment of nonsuit, this appeal is prose-
cuted.

The material facts shown were about these:   Mrs. Ander-
·son entered respondent company's store to make some pur-
chases, and while there in the capacity of a customer, a basket
used upon respondent's carrier system, conveying goods to and
from the wrapping counter, fell or was precipitated from the
·track, and struck her.   No evidence was introduced, except
:as to facts hereinbefore stated, showing or tending to show
that the apparatus was improperly installed or out of repair.
The evidence showed that the system was one of standard make
and in general use.   Appellants invoke the rule of *res ipsa
loquitur*, asserting that the fact of the basket falling or being

[1]Reported in 95 Pac. 325.

precipitated from the carrier track upon appellant under the circumstances mentioned was sufficient to establish a *prima facie* case of negligence as against respondent company.

The rule of *res ipsa loquitur* must be invoked sparingly and applied only where the facts and demands of justice make its application essential. Negligence is never to be presumed from the mere happening of an injury or accident. But when certain physical conditions are established, together with certain happenings in connection therewith, it is sometimes permissible to deduce therefrom a conclusion of the fact of negligence.

"Though, as stated above, negligence is never presumed from the mere fact of injury, yet the manner of the occurrence of the injuries complained of or the circumstances surrounding may well warrant an inference or presumption of negligence, such a situation being described by the familiar phrase *res ipsa loquitur*. As a matter of course, the application of the maxim in question depends on the peculiar facts and circumstances of each particular case. . . . The presumption which arises by virtue of the application of the maxim *res ipsa loquitur* is usually referred to as a *prima facie* or rebuttable presumption, which, when it arises, merely shifts the burden upon the defendant to disprove the inferred existence of negligence by evidence that as a matter of fact all proper and reasonable care was employed." 21 Am. & Eng. Ency. Law (2d ed.), 512, 513.

"Sometimes the duty which the defendant owes to the plaintiff is of such a nature that proof that the accident happened to the plaintiff under certain circumstances will be of such legal value as to afford evidence of negligence on the part of the defendant, and make out a *prima facie* case in favor of the plaintiff. This is the doctrine of *res ipsa loquitur*, and it is not applied unless the thing causing the accident is under the control of the defendant or his servants, and the accident is of a kind which does not ordinarily occur *if due care has been exercised*. . . . It is therefore generally more correct to say that there are cases where the fact that the accident happened *under given conditions, and in connection with certain circumstances*, will amount to evidence of negligence sufficient to charge the defendant. To illustrate this, let us take again the case of a traveler in the highway. While

proof of the mere fact that he was struck and knocked down by some substance in front of A's building will not entitle him to recover damages of A., yet suppose that he is able to show (1) that he was struck by some solid substance; (2) that this substance was a bale of goods; (3) that, at the time it struck him, this bale of goods was being lowered from the window of a warehouse above the street; (4) that A. was owner of this warehouse. This, it has been held, will make out a *prima facie* case against A. But A. might rebut this *prima facie* case by showing (1) that the bale was being lowered without his knowledge, by the servants of another person; or (2) that the traveler was himself one of the persons engaged in lowering the bale; or (3) that although the plaintiff was using the sidewalk as a traveler, yet he had stopped, and was standing still, under the window from which the bale was being lowered, and that he was warned of the danger and told to stand from under, but negligently failed to do so. . . . A person is lawfully on the street, when an adjoining building falls down, injuring him. In a suit against the owner of the building, he makes out his case by showing the facts stated, without more. The reason is, that the *owner of the building adjoining a street or highway* is under a legal obligation to take reasonable care that it is kept in a *safe condition*, so that it will not fall into the highway, injuring persons lawfully there. If it did so fall, every fair-minded man would draw the inference that it had not been properly inspected and kept in repair; and if the contrary were true, it is easy for the defendant to show that fact. In another case, it appeared that the defendants, who occupied for business purposes the second and upper floors of a building were hoisting a box, weighing about five hundred pounds, to their rooms, by means of iron hooks attached to its sides. Just as it reached the second floor the hooks broke, and the box fell, broke through the hatchway on the first floor, and struck and injured the plaintiff, who was lawfully in the basement. This, without more, was held evidence of negligence on the part of the defendants warranting a verdict for the plaintiff. So, proof of the fact that *water escaped from the defendant's hydrant* into the plaintiffs' apartment, in the story below, makes out a *prima facie* case of negligence, which the defendant must excuse or pay damages. So, the fact that *tools or other objects fall from an elevated railroad and injure a person thereunder*, in the absence of explanation is generally held

to raise a presumption of negligence on the part of the railroad company." 6 Thompson, Commentaries on Law of Negligence, §§ 7635, 7636.

Ordinarily it must be a peculiar and exceptional case that will justify the invocation of this rule, except in cases against common carriers where it is frequently applied. However, where the proven or admitted physical conditions, together with the other established facts, show that the occurrence is one which could not ordinarily in the nature of things happen but for negligence on the part of defendant, and it further appears that negligent operation of the apparatus is naturally accompanied with danger, and its control and the knowledge of its condition are practically limited to the defendant or his servants, and evidence as to the same is unavailable except through him or them, the rule may usually be invoked by one to whom the defendant owed a duty of protection and who was under no obligation to, and did not, know or have reason or opportunity to know of the danger that threatened him. The operation of baskets upon such a carrier system is fraught with some danger to customers over whose heads the apparatus is suspended. While a six or eight pound wire basket with metallic wheels could not be presumed to inflict much of a physical injury if it fell upon a person, yet it might occasion some personal injury as well as damage to the customer's clothing. The danger is greater than from the usual conditions obtaining in a store without such a system, and the knowledge of the apparatus, as to its being or not being in repair, is peculiarly with the storekeeper or his servants in charge. For this reason greater care is required to protect his customers than would be demanded concerning the ordinary conditions existing in such a store not having such apparatus.

When a plaintiff proves the existence of this carrier system and the falling of the basket therefrom, causing damage, we think facts are shown from which a reasonable mind might properly infer that the apparatus was improperly con-

structed or out of repair. Hence, a case for the jury is thus established. This case may be overcome by showing that the apparatus was properly installed and in good repair, or that it had been properly inspected and nothing wrong discovered. This, defendant could easily prove if such were the facts. Upon rebuttal, of course, no substantive evidence could be introduced by a plaintiff except such as tended to rebut the particular probative facts established or sought to be established by respondent. In other words, plaintiff could not rely upon the rule in his case in chief and then upon rebuttal introduce evidence of negligence that should have been produced in making his case. We think the rule here laid down is fair and just.

A carrier system such as this is a mechanical contrivance the operation of which requires some peculiar skill or knowledge not possessed by the average person, and carelessness in its operation or maintenance is calculated to endanger customers impliedly invited within its presence. Such a person would not ordinarily have an opportunity to inspect the apparatus, or have sufficient technical knowledge of the device to know whether or not it was properly adjusted or in repair even if he did examine it. It would naturally be difficult to get evidence of its condition except from its owner or his servants. On the other hand, the owner, having the system in his possession and under his control and being legally bound to properly inspect and know of its condition, could readily produce evidence thereof. If the condition was proper, he could easily show it and thus avoid liability. If improper and dangerous, he should not, as a matter of justice, escape liability, because from the peculiar nature of the thing the injured person was unable to get evidence of its condition.

Appellants cite, apparently with much reliance, the case of *LaBee v. Sultan Logging Co.*, 47 Wash. 57, 91 Pac. 560. A rehearing has been granted in that case, and the decision of the case at bar is made without taking into consideration the opinion in the case cited. The rule invoked has

been recognized, however, in the cases of *Firebaugh v. Seattle Elec. Co.*, 40 Wash. 658, 82 Pac. 995, 111 Am. St. 990, 2 L. R. A., N. S., 836, and *Williams v. Spokane Falls & Northern R. Co.*, 39 Wash. 77, 80 Pac. 1100. In the case of *Griffen v. Manice*, 166 N. Y. 188, 59 N. E. 925, 82 Am. St. 630, 52 L. R. A. 992, the court of appeals of New York applied the rule in a case where a passenger elevator in a building became unmanageable and a heavy counterweight fell down the shaft, killing a passenger in the elevator cage. In that case the trial court gave the following instruction:

"There is another rule which the plaintiff asks me to call your attention, and I am going to call to your attention the rule that where an accident happens which, in the ordinary course of business, would not happen if the required degree of care was observed, the presumption is that such care was wanting, and if you find in this case that this accident was one which, in the ordinary course of business, would not have happened if the required degree of care was observed, you have a right to presume that such care was wanting."

This was upheld by the court of appeals, which, among other things, quoted from Shearman & Redfield on Negligence, § 59, as follows:

"It is not that, in any case, negligence can be assumed from the mere fact of an accident and an injury; but in these cases the surrounding circumstances which are necessarily brought into view by showing how the accident occurred contain, without further proof, sufficient evidence of the defendant's duty and of his neglect to perform it. The fact of the casualty and the attendant circumstances may themselves furnish all the proof of negligence that the injured person is able to offer, or that it is necessary to offer;"

and, in its discussion, used the following language:

"The maxim is also in part based on the consideration that where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present."

In the case of *Uggla v. Brokaw*, 117 App. Div. 586, 102 N. Y. Supp. 857, it was held that, where a coachman driving in the street was struck by part of a skylight blown from an adjoining building, the incident itself raised a presumption of negligence under the rule of *res ipsa loquitur*. The rule is applied to cases of injury from falling objects perhaps more than to any other class of cases, aside from those having to do with common carriers. Such cases were the following: *Kaples v. Orth*, 61 Wis. 531, 21 N. W. 633; *Morris v. Strobel & Wilken Co.*, 81 Hun. 1, 30 N. Y. Supp. 571; *The Joseph B. Thomas*, 81 Fed. 578; *Taylor v. Peckham*, 8 R. I. 349, 91 Am. Dec. 235; *Volkmar v. Manhattan R. Co.*, 134 N. Y. 418, 31 N. E. 870, 30 Am. St. 678; *Salisbury v. Herchenroder*, 106 Mass. 458, 8 Am. Rep. 354; *Scheider v. American Bridge Co.*, 78 App. Div. 163, 79 N. Y. Supp. 634; *Mentz v. Schieren*, 36 Misc. 813, 74 N. Y. Supp. 889; *McCauley v. Norcross*, 155 Mass. 584, 30 N. E. 464; *Weller v. McCormick*, 52 N. J. L. 470, 19 Atl. 1101; *Schnizer v. Phillips*, 108 App. Div. 17, 95 N. Y. Supp. 478. See, also, *Hammarberg v. St. Paul & Tacoma Lumber Co.*, 19 Wash. 537, 53 Pac. 727; *Inland & Seaboard Coasting Co. v. Tolson*, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270; *Adams v. University Hospital* (Mo.), 99 S. W. 453; *Connolly v. Des Moines Inv. Co.*, 130 Iowa 633, 105 N. W. 400; *Weber v. Lieberman*, 47 Misc. 593, 94 N. Y. Supp. 460; *Lubelsky v. Silverman*, 49 Misc. 133, 96 N. Y. Supp. 1056; 6 Current Law, 772.

We think the case should have been submitted for the jury to say whether negligence of defendant was established by the facts proved, or respondents should have been permitted, if they desired, to show that the carrier system was properly installed and that it was in good repair, or that it had been properly inspected without anything defective being discovered, or that the basket was caused to fall by some person or influence for whom or which respondent was not responsible.

The judgment of the honorable superior court is reversed, and the case remanded for a new trial.

HADLEY, C. J., RUDKIN, DUNBAR, CROW, and FULLERTON, JJ., concur.