[No. 15142. Department One. April 7, 1919.]

# O. E. ENGSTRAND et al., Appellants v. JAMES J. HARTNETT et al., Respondents.[1]

CARRIERS (77-3)—DEGREE OF CARE—AS TO ELEVATORS. The operator of elevators is a common carrier of passengers and must exercise the highest degree of care compatible with their practical operation.

SAME (84, 89)—NEGLIGENCE — PRESUMPTIONS — INSTRUCTIONS. In an action for personal injuries sustained in the fall of a passenger elevator through the breaking of the cable, an instruction to the effect that the law presumes a defect in the cable or operation, devolving upon the defendant to show that the break did not result from lack of the highest degree of care, is a correct statement sufficiently covering the law of the case in that particular.

SAME (89)—DEGREE OF CARE—INSTRUCTIONS. In such an action, an instruction that defendant owed the highest degree of care reasonably practicable under the circumstances is a sufficient statement of the rule as to the highest degree of care compatible with practical operation.

TRIAL (101)—INSTRUCTIONS—ALREADY GIVEN. It is not error to refuse requested instructions that are sufficiently covered in the general charge.

CARRIERS (89)—NEGLIGENCE—INSTRUCTIONS. In an action for personal injuries sustained in the fall of a passenger elevator through the breaking of the cable, an instruction that the defendants fulfilled their duty if they used the highest degree of care in the employment of experts for inspection of the elevator and that the same was inspected as frequently as reasonably necessary, is not misleading in failing to make them liable if the inspectors failed to perform their duty, when taken in connection with an instruction immediately following to the effect that they would be liable for any lack of care of such inspectors.

SAME (84, 86, 87)—EVIDENCE—SUFFICIENCY. In an action for personal injuries sustained in the fall of a passenger elevator through the breaking of the cable, it cannot be said, as a matter of law, that the presumption of negligence is not overcome by evidence tending to show that the elevator had been properly installed, was in good repair, and that it had been properly inspected and no defect discovered.

[1]Reported in 180 Pac. 132.

Appeal from a judgment of the superior court for King county, Pemberton, J., entered May 31, 1918, upon the verdict of a jury rendered in favor of the defendants, in an action in tort, after a trial on the merits. Affirmed.

*Van Dyke & Thomas* (*Edward Judd*, of counsel), for appellants.

*F. J. Carver*, for respondents.

MAIN, J.—The plaintiffs, O. E. Engstrand and wife, brought this action for the purpose of recovering for personal injuries to Mrs. Engstrand which it is alleged were chargeable to the negligence of the defendants. After the issues were framed, the cause was tried to the court and a jury, and resulted in a verdict for the defendants. Motion for a new trial being made and overruled, the plaintiffs appeal.

The facts necessary to an understanding of the question presented may be stated as follows: The respondents were operating an apartment house, known as Haddon Hall, in the city of Seattle. The appellants were occupiers of one of the apartments. For the purpose of carrying the tenants and others to the upper floors of the building, the respondents maintained and operated an elevator. On or about the 21st day of January, 1918, Mrs. Engstrand and her daughter entered the elevator on the first or lobby floor, for the purpose of being carried to the fifth floor of the building, on which the apartment occupied by them was located. There were no other persons in the elevator at this time, except the operator thereof. When the operator applied the power, the elevator cage or car rose in the usual manner until it reached approximately the second floor of the building when suddenly it dropped as a dead weight, falling to the

floor of the elevator shaft. The falling of the elevator was due to the breaking of the cable by which it was lifted. In this fall, Mrs. Engstrand sustained the injuries for which the appellants instituted this action.

Before taking up the points which the appellants make on this appeal, it may be said that it seems to us that there is or can be little controversy as to the law covering accidents of this kind. In this state, the operator of an elevator is a common carrier of passengers, and is held to the degree of care imposed upon carriers generally. One who maintains or operates an elevator must exercise with reference thereto the "highest degree of care compatible with their practical operation." *Atkeson v. Jackson Estate*, 72 Wash. 233, 130 Pac. 102.

The appellants urge three points for reversal. First, error in refusing to give instructions requested; second, error in the instructions given; and third, insufficiency of the evidence to support the verdict.

These points will be considered in the order stated.

The first point covers requested instructions four, five, six, seven, eight, and nine. By requested instruction number four, the court was asked to charge the jury that, if the accident was one which, in the ordinary course of business, would not have happened if the required degree of care had been used, a presumption would arise that such care was wanting. It may be admitted that this instruction is a correct statement of the law as applied to the facts in this case, and if the same subject-matter was not covered in the instructions given, its refusal would be reversible error. In the instructions given, the jury were told that, where an elevator was maintained for use and is operated as a carrier of passengers in a building used

for apartment house purposes, and where it is proven by the evidence that, while being so operated and used, its cable breaks or separates so as to cause the cage or car to fall "the law presumes that such breaking and falling of the elevator resulted from some defect of the cable or other appliances or means used by the defendants in the operation of the elevator, and in such a case it devolves upon the defendants to show that such breaking and falling of the elevator did not result from any cause which the highest degree of care on their part could have prevented". The instruction given, as we view it, covers the matter contained in requested instruction number four. The same rule is embodied in each of the instructions.

By requested instruction number five, the court was asked to charge the jury that one who maintains and operates an elevator in an apartment house is held to the "highest degree of care compatible with their practical maintenance and use and operation for such purposes." In the instructions given, the jury were told that one who maintains and operates an elevator must exercise the "highest degree of care to avoid the accident which was reasonably practicable under the circumstances and conditions existing at the time and place of said accident". This instruction is followed with another which defines what is meant by the highest degree of care as used in the preceding instruction. The rule of the requested instruction was substantially covered in the instructions given.

Without assembling the cases, it may be said that it has been many times held that it is not error to refuse to give requested instructions which correctly state the law and are applicable to the facts in the particular case, when the subject-matter of the requested instructions is covered in the instructions given. In

other words, even though the requested instructions were proper to be given, it is sufficient if the same subject-matter is covered in the charge, even though in briefer form and in different phraseology.

As to the other requested instructions, without reviewing them here in detail, we are of the opinion that, so far as they correctly state the law applicable to the facts in the case, they are covered by the instructions given.

The second question to be considered is that which relates to the instructions given, and is directed to an instruction wherein the jury were told that, if "the defendants used the highest degree of care in the employment of professional experts or experts in the inspection of said elevator and that the same was inspected by said experts as frequently as was reasonably necessary, the defendants fulfilled their duty in that regard". The appellants construe this instruction as exempting the respondents from liability for any negligence that the inspectors may have been guilty of in the manner of making the inspections. The respondents construe it as only applying to the selection of professional experts and the frequency with which such inspections were made. Relative to the matter of inspection, the respondents might have failed in their duty in one of three ways. First, if they failed to employ competent experts; second, if the experts employed did not inspect the elevator as frequently as was reasonably necessary; and third, for negligence or failure of the inspectors to perform the inspection in a proper manner and with the exercise of sufficient care. As we read the instruction, it covers only the first two—that relating to the employment of expert inspectors and the frequency with which the inspection was made, and does not cover failure or negligence in the manner or mode of mak-

ing the inspections. The instruction which immediately follows this told the jury that the proprietor of an apartment house, having the right of selection of servants and employees "including elevator operator, elevator inspector and elevator caretaker", would be liable for any injury which was due to the lack of care of such servants or employees. By this last instruction the jury were informed that the respondents would be liable if the injury complained of was due to the lack of care on the part of the inspectors in the manner or mode of making the inspection. Reading the two instructions together, the one complained of was not misleading.

The third point which will be considered is that which challenges the sufficiency of the evidence to support the verdict. The appellants' case was made by proof of the accident and its attendant circumstances, and the presumption of the negligence which arose therefrom. The respondents offered evidence which tended to show that the elevator had been properly installed, that it was in good repair, that it had been properly inspected, and that no defect had been discovered therein. This evidence, the appellants claim, was not sufficient to overcome their presumptive case. The line of evidence offered was that which was recognized in *Anderson v. McCarthy Dry Goods Co.*, 49 Wash. 398, 95 Pac. 325, 126 Am. St. 870, 16 L. R. A. (N. S.) 931, as proper to meet a case of liability which rests upon proof of accident with its attendant circumstances and the presumption arising therefrom.

The court cannot say, as a matter of law, that the evidence was not sufficient to overcome the presumption. The question was one for the jury.

The judgment will be affirmed.

CHADWICK, C. J., MACKINTOSH, TOLMAN, and MITCHELL, JJ., concur.