MEYER HERMAN, Appellant, *v.* MICHAEL JOSEPHSOHN, Respondent.

First Department, May 29, 1919.

Negligence — sidewalk — injury caused by defective grating — evidence — res ipsa loquitur — duty of owner as to grating — unsafe grating as nuisance — variance — failure to object to proof.

The doctrine of *res ipsa loquitur* applies where a man steps onto a grating in a sidewalk in front of defendant's tenement house and it gives way under him to his injury, and it appears that there was no apparent defect in the grating and that it was necessary to step thereon in order to enter the building; and under such circumstances it is incumbent on the defendant to explain the cause of the accident.

It is the duty of a property owner who has authority to maintain a grating in a sidewalk in front of his building to keep the grating in as safe condition as any other part of the sidewalk.

The manner of maintaining a grating in a sidewalk may constitute a nuisance.

Variance between pleading and proof, consisting in the fact that the complaint alleged that the plaintiff fell through a grating in a sidewalk as he was about to enter a building, while the proof showed that the accident occurred as he departed from the building, is immaterial, and in any event cannot be taken advantage of on appeal where the evidence was not objected to at the trial.

APPEAL by the plaintiff, Meyer Herman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 22d day of November, 1918, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Eugene I. Yuells,* for the appellant.

*Adolph Waxenbaum,* for the respondent.

PHILBIN, J.:

The plaintiff sustained injuries by falling through a grating maintained on the sidewalk in front of defendant's tenement house. The grating broke when plaintiff stepped upon it. It was two and a half feet wide by three feet long and was immediately in front of the entrance to the building. It was necessary to step upon the grating in order to enter. The plaintiff was requested by the defendant to make some repairs in the building and safely passed over the grating in entering. He stepped with both feet upon it at that time. After being about ten minutes in the building he attempted to leave, and in doing so, and while he again had both feet on the grating; part of it gave way and he was precipitated about eight feet into the cellar. The plaintiff weighed 250 pounds. There was no defect apparent when he first passed over the grating. It was proved that the defendant had obtained due authority from the city to maintain the grating. The learned trial court dismissed the complaint at the close of the plaintiff's case. The plaintiff was the only witness except the physician who testified as to the nature of the injuries. I think the rule *res ipsa loquitur* applies and that it was incumbent upon the defendant to explain the cause of the accident. (*Weber* v. *Lieberman,* 47 Misc. Rep. 593.) It was, therefore, error to dismiss the complaint. The fact that plaintiff had safely passed over the grating about ten minutes before has, in my opinion, no controlling significance on the question as to whether the grating was in proper condition when the accident occurred.

The plaintiff not only made out a *prima facie* case of negligence but also of nuisance. While the defendant had authority to maintain the structure, and there was, therefore, no

absolute nuisance, the manner of maintaining may have created a nuisance. It was the duty of the defendant to keep the grating in such condition as to make it as safe as any other part of the sidewalk. (*Clifford* v. *Dam,* 81 N. Y. 52; *Trustees of Canandaigua* v. *Foster,* 156 id. 354, 359.)

The respondent calls attention in his brief to the fact that the complaint alleges that the accident occurred while the plaintiff was entering the building, whereas the proof was that it happened while he was leaving. No objection was made on the trial to the variance and plaintiff was allowed to introduce his evidence without objection. In any event, such variance was not material.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.