MARY W. ROBINSON, Appellant, *v.* JOHN F. McDONALD,
                        Respondent.

                 Third Department, June 30, 1919.

Landlord and tenant — promise to give notice of intention to
    abandon premises — failure of consideration — mistrial.

The question litigated upon a trial in a city court was whether the defendant
    rented a house of the plaintiff for a specified term from September first
    to April first of the following year, as the plaintiff claimed, or merely
    from month to month as the defendant claimed. The defendant testified
    that in October he promised the plaintiff he would give her one month's
    notice of intention to abandon the premises which he abandoned November
    thirtieth. The notice was dated and served November sixth.

*Held,* that the defendant's promise was without consideration and void,
    especially since the plaintiff denies that the defendant ever agreed to
    give such notice.

A holding by the city judge, that the notice was a failure to carry out the
    lessee's contract to give thirty days' notice of intention to abandon the
    premises, created a mistrial, for which the judgment in plaintiff's favor
    should be reversed and a new trial ordered.

APPEAL by the plaintiff, Mary W. Robinson, from a judg-
ment of the County Court of Broome county, entered in the
office of the clerk of said county on the 24th day of February,
1919, reversing a judgment of the City Court of Binghamton
in plaintiff's favor, and also from the order entered in said
clerk's office on the 10th day of February, 1919, pursuant to
which the judgment of reversal was entered.

  *Rollin W. Meeker,* for the appellant.

  *Mangan & Mangan [Thomas J. Mangan* of counsel], for
the respondent.

LYON, J.:
    The question litigated in the City Court was whether the
defendant rented the house of the plaintiff for the term from
September 1, 1916, to April 1, 1917, as the plaintiff claims,
or merely from month to month, as the defendant claims.
    The defendant testified that in October he promised the
plaintiff he would give her one month's notice of intention
to abandon the leased premises which he abandoned November

thirtieth. The notice was dated and served on November sixth. The defendant now claims that such promise was without consideration and void. In this he is doubtless correct, as the plaintiff denies that the defendant ever agreed to give such notice. (*Bronner* v. *Walter*, 15 App. Div. 295; *Hirschfield* v. *Alsberg*, 47 Misc. Rep. 141; *Schiff* v. *Pottlitzer*, 51 id. 611.)

The acting city judge held that the notice was a failure to carry out the lessee's contract to give thirty days' notice of intention to abandon the premises, whereas if he had found that the leasing was for a full term, he should have held the defendant liable for the rent; and if he had found that the leasing was from month to month, he should have found for the defendant. The result is a mistrial, for which the judgment should be reversed, without costs in this court or in the County Court, and a new trial ordered in the City Court.

All concurred.

Judgment of County Court and City Court reversed on the ground that there was a mistrial and said judgments are not sustained by the evidence, and a new trial granted in the City Court, without costs to either party.