MARY CLARKE, Respondent, *v.* HIRAM L. PHELPS and Another, Appellants.

First Department, February 5, 1926.

Landlord and tenant — action against both landlord and tenant to recover for injuries suffered when grating over areaway in front of door of leased premises broke as plaintiff was entering store — tenant leased store and portion of cellar — areaway was not used in connection with cellar — landlord is liable — tenant did not lease areaway — no evidence that acts of tenant caused breaking — tenant is not liable.

In an action against both a landlord and his tenant to recover for injuries suffered by the plaintiff when a grating over an areaway in front of the tenant's store broke as the plaintiff was about to enter the store, the landlord is liable for the injuries suffered.

But the tenant is not liable to the plaintiff, since it appears that while the tenant leased the store and a part of the cellar, the areaway was not used in connection with the cellar and the demised premises did not include the areaway, nor did the tenant assume dominion or control over it, and since it appears further, that the tenant did not commit any act which weakened the grating so as to cause it to break under plaintiff's weight.

The tenant cannot be held liable on the theory that it, having invited the plaintiff to use the store which could be entered only by passing over the grating, was under an obligation to keep the grating in safe condition, for the accident did not happen on the property rented to the tenant but occurred on a public street which the tenant was not under any duty to keep safe and which it had not rendered unsafe.

McAVOY, J., dissents in part.

APPEAL by the defendants, Hiram L. Phelps and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 13th day of November, 1924, upon the verdict of a jury for $10,000, subsequently reduced, by stipulation, to $5,000.

Appeal by the defendant, Hiram L. Phelps, from an order entered in said clerk's office on the 2d day of December, 1924, denying his motion for a new trial made upon the minutes.

*Nadal, Jones & Mowton* [*Irving W. Young, Jr.*, of counsel], for the appellant Hiram L. Phelps.

*Charles H. O'Connor* [*Michael J. O'Neill* with him on the brief], for the appellant The Great Atlantic & Pacific Tea Co., Inc.

*Kennedy & Wittstein* [*Herman J. Wittstein* of counsel; *Leonard F. Fish* with him on the brief], for the respondent.

MARTIN, J.  The plaintiff was injured through the collapse of a grating in a sidewalk which broke under her weight as she was about to enter a store in the building known as No. 302 Willis avenue, borough of The Bronx, owned by defendant Hiram L. Phelps.  The defendant The Great Atlantic & Pacific Tea Co., Inc., had a lease of the store and a portion of the cellar underneath it with the appurtenances.  It occupied the premises so demised to it, the rest of the building being in the possession of other tenants.  The grating in question was over an areaway, about ten feet long by three feet wide.  It was shown at the trial that a piece of iron which supported part of the grating had become rusted and worn.  The area is outside the cellar and separated therefrom by the main wall.  A door in this wall was permanently closed.  The testimony of one witness suggested that there may also be a cellar window to the area, but this does not seem to agree with what other and presumably better informed witnesses said, one of whom testified that the areaway gave no light to the cellar.

The following testimony on that subject is important: " The Court: Then this areaway, there was no access to it from any part of the basement, or the cellar proper?  The witness: There was not.   *   *   *   The Court: There was no way of getting into the areaway, was there?  The witness: No, sir.  The Court: There was just a blind, closed-up place that nobody went into?  The witness: Nobody went in.  The Court: Nobody could get into it, is that right?  The witness: That is right."

The tenant's term began about three months before the accident occurred.  The lease provided that the tenant, The Great Atlantic & Pacific Tea Co., Inc., " will make all necessary incidental repairs to the interior and exterior of the   *   *   *   demised premises."  It does not expressly include the areaway in the same nor does it acquire any rights to the grating, which is a part of the sidewalk.

The trial court charged, in part: " On what ground are you to examine the liability of the Atlantic & Pacific Tea Company?  Of

course, if it was entirely within their dominion; that is, if you find that it was part of the premises which these parties understood by the description: ' store and cellar '— remembering always that it was the top of that areaway — then they would be chargeable with the duty of caring for it. If it was not within that area which was demised to them, you may still examine this question. They maintained a store; this grating was immediately in front of the entrance to their store, concededly, and it was a place that they knew people were coming over, and it was a place to which you may or may not find, according as you believe the testimony, that they could have had access from below through one door, and certain access from above.

" Now, did they do their duty reasonably? Did they take reasonable care to see to it that there was no trouble there, no weakness which would imperil people who were coming into that store by their invitation? Those are the principles of liability which you will have to apply to the facts of this case to determine whether the Great Atlantic & Pacific Tea Company is liable."

There is direct testimony to the effect that under the lease The Great Atlantic & Pacific Tea Co., Inc., did not rent and had nothing whatever to do with the areaway, and a contrary finding would not be warranted unless it be found from what is stated above.

The entire property was not demised to one tenant. (*Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354, 359.)

In *Herman* v. *Josephsohn* (188 App. Div. 163) Mr. Justice PHIL-BIN, referring to the liability of a landlord in a similar situation, said:

" It was proved that the defendant had obtained due authority from the city to maintain the grating. The learned trial court dismissed the complaint at the close of the plaintiff's case. The plaintiff was the only witness except the physician who testified as to the nature of the injuries. I think the rule *res ipsa loquitur* applies and that it was incumbent upon the defendant to explain the cause of the accident. (*Weber* v. *Lieberman*, 47 Misc. Rep. 593.) * * * It was the duty of the defendant to keep the grating in such condition as to make it as safe as any other part of the sidewalk. (*Clifford* v. *Dam*, 81 N. Y. 52; *Trustees of Canandaigua* v. *Foster*, 156 id. 354, 359.) "

It was held that the owner, having disturbed the sidewalk for his own benefit, was bound to keep the grating in a safe condition, as safe as any other part of the sidewalk. In *Trustees of Canandaigua* v. *Foster* (*supra*) it was held that an implied duty rests upon the owner to use reasonable care to inspect and repair a grating in a sidewalk in front of his premises, when a part only of his build-

ing is leased to and occupied by a tenant, even though the part demised includes by implication the exclusive right to use the grating as a beneficial appurtenance.

Irrespective of a contractual obligation of the tenant to repair, a landlord who maintains a grating in the sidewalk of a public street and retains dominion and control over the premises, must keep the grating in a safe condition. In *Gelof* v. *Morgenroth* (130 App. Div. 17) Mr. Justice INGRAHAM said: " It is true that he [the owner] had leased the store and cellar to a tenant who was under obligation to keep it in repair, but that did not relieve the owner of the building, who occupied the greater part of it for his own purposes, of the correlative duty of preventing the sidewalk from becoming dangerous to those using the street. It is undoubtedly true that the landlord would not be responsible for the negligence of the tenant, but where it appears that there was a duty upon the landlord to protect the portion of his premises which extended into the street, a failure to perform that duty imposed a liability on him in favor of one who had no relation to the tenant but who was using the street."

In this case there is no adequate proof that the areaway was demised to the tenant or that the tenant assumed dominion or control over it. Furthermore the iron work which collapsed under plaintiff's weight was not shown to have been out of repair through any negligence on the part of the tenant. There was testimony that barrels, some of them weighing as much as 350 pounds, were allowed to stand on, and were rolled over the iron grating; and for the owner it is urged that there is evidence which would warrant a finding that the ironwork became insecure through barrels and other objects being bumped over it. We do not believe the record supports the owner in this respect. To take supplies into the store it was necessary to cross over the grating, which served as part of the sidewalk. There was no escape from using it as such, and, if the store were to be used, heavy barrels of sugar and other containers loaded with merchandise naturally were to be unloaded on and moved over the sidewalk and grating and into the demised premises.

The respondent relies on cases which hold that a tenant is liable to persons whom he invites to use the property he has rented, because such a tenant is required to keep the premises safe for those coming thereon at his invitation for the transaction of business. But this accident did not happen on property which had been demised to The Great Atlantic & Pacific Tea Co., Inc. It happened on the public street which the tenant was not under a duty to keep safe and which it is not shown to have rendered unsafe.

There was no evidence, therefore, upon which to hold the tenant.

The judgment against Hiram L. Phelps, the landlord, and the order appealed from should be affirmed, with costs, and the judgment against the tenant, The Great Atlantic & Pacific Tea Co., Inc., should be reversed, with costs, and the complaint as to said defendant dismissed, with costs.

CLARKE, P. J., DOWLING and FINCH, JJ., concur; McAVOY, J., dissents as to tenant and votes to affirm.

Judgment so far as it is against the defendant Hiram L. Phelps and the order appealed from affirmed, with costs; judgment so far as it is against the defendant The Great Atlantic & Pacific Tea Co., Inc., reversed, with costs, and complaint as to said defendant dismissed, with costs.