■ BERNARD CURRAN, Appellant, v NEWPORT ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. HOMEWARD REALTY Co., INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered September 20, 1974, which, *inter alia,* is in favor of defendant-respondent and against him, upon the trial court's dismissal of the complaint at the close of the evidence, at a jury trial. Defendant third-party plaintiff Newport Associates, Inc., cross-appeals, for protective purposes, from so much of the said judgment as dismissed the third-party complaint. Judgment reversed, on the law and in the interest of justice, and new trial granted as to all parties and causes, with costs to abide the event. In this personal injury action, plaintiff, Bernard Curran, was employed by the third-party defendant, Homeward Realty, Inc. (Home-

ward), as a handyman in an office building purportedly operated by Homeward, as lessee, and owned by defendant Newport Associates, Inc. (Newport). On the morning of January 22, 1967 Curran sustained serious personal injuries when the freight, or sidewalk, elevator in which he was riding in the course of his employment, suddenly plunged down the shaft from the street level. The elevator was operated between the public sidewalk abutting the building and a subbasement three stories below the street. Although testimony was adduced that on the day of the accident the tenant, Homeward, maintained, managed and controlled the subject leased premises, no competent evidence was elicited as to whether the abutting sidewalk vault space containing the elevator was also leased to the tenant, and whether the landlord and the tenant exercised joint control over such space and facility. Where an owner who retains control over an apparatus, such as a street elevator, and a tenant who has use of it, both have knowledge of dangers to those, *inter alia,* who use it, they both have the duty to provide protection against such dangers (52 CJS, Landlord and Tenant, § 440; see, also, *Clarke v Phelps,* 215 App Div 500). Therefore, in the interest of justice, we reverse the judgment so as to afford the plaintiff an opportunity to establish that the vault space and elevator were also in the possession or control of Newport (cf. *Trustees of Vil. of Canandaigua v Foster,* 156 NY 354). Evidence as to which party paid the vault tax to the City of New York for such sidewalk space may be relevant on the issue of possession and control (see Administrative Code of City of New York, tit Z [Annual Vault Charge], § C 26-201.0 [Definitions, Sidewalk Vault]). Furthermore, by allowing Newport's attorney to testify that, based upon the examination of records kept in Newport's office, Homeward was the lessee or tenant pursuant to a lease between a prior owner and a prior tenant, the trial court erred in two respects. First, the purported lease was admitted "subject to connection"; however, no proper foundation was ever laid connecting the original lease with defendant herein. Second, the testimony of Newport's attorney, based upon Newport's records, without production of the records themselves or a bona fide reason why they could not be produced, was clearly inadmissible. On an issue as to whether a lease had been transferred or assigned, the written transfer or assignment is the best evidence *(Southern Ry. Co. v Leard,* 146 Ala 349; 32A CJS, Evidence, § 797). Thus, the trial court erroneously predicated part of its decision dismissing the complaint on the alleged contents of a lease which should not have been considered as evidence, and upon records of conveyances and assignments which were never produced for inspection by either the plaintiff or the court. Reversal of the judgment dismissing plaintiff's complaint requires reinstatement of the third-party complaint seeking indemnification (see *Vathy v Rupp Rental Corp.,* 43 AD2d 892). Rabin, J. P., Shapiro, Titone and O'Connor, JJ., concur.